*John E. Stell, Jr.*, for appellee.

A90A0104. WAUSAU INSURANCE COMPANIES v. LIGHTNIN'
TRUCK RENTAL, INC.
(392 SE2d 32)

BANKE, Presiding Judge.

The appellant, Wausau Insurance Companies ("Wausau"), issued a "Business Auto Policy" to William Ray Sarratt, Inc., providing motor vehicle liability insurance coverage to that company for accidents involving its employees. During the period this policy was in force, one such employee, George Lawrence, was involved in an accident while driving a truck leased from the appellee, Lightnin' Truck Rental, Inc. ("Lightnin'"), which operated as a qualified self-insurer with respect to its rental vehicles. Wausau paid out $12,180.91 to various claimants as compensation for bodily injury and/or property damage sustained as a result of the accident and then filed the present action against Lightnin' for contribution and indemnity, based on the following language contained in its (Wausau's) policy: "1. For any covered auto you own this policy provides primary insurance. For any covered auto you do not own, the insurance provided by this policy is excess over any other collectible insurance. . . . 2. When two or more policies cover on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the limit of our policy bears to the total of the limits of all the policies covering on the same basis."

Lightnin' denies that it has any liability under the circumstances, relying on a provision in its rental agreement specifying that its self-insurance certificate "provides coverage . . . only if no other valid and collectable insurance whether . . . primary, excess or contingent is available to renter." The trial court granted summary judgment to Lightnin' and denied a motion for summary judgment filed by Wausau, concluding (1) that Lightnin' could not be liable to Wausau for contribution and indemnity because it was not alleged to be a tortfeasor and (2) that Wausau had "the primary responsibility to provide liability insurance coverage" under OCGA § 40-9-102. That Code section provides, in pertinent part, that "[a]ny person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance. . . ." This appeal followed. *Held*:

1. "[T]he right to contribution relates only to joint tortfeasors and where the proposed . . . defendant cannot be made liable as a joint tortfeasor the . . . complaint does not state a claim." *Southern R. Co. v. Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970). See generally OCGA § 51-12-32. There being no suggestion that the ap-

pellee incurred any tort liability as a result of the motor vehicle accident at issue in this case, the trial court correctly concluded that the appellant had no claim against it for contribution and indemnity.

2. In view of the foregoing, we do not reach the issue of whether, because of its insured's status as the lessee of a U-drive-it vehicle, the appellant was properly treated by the trial court as the primary carrier.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MARCH 12, 1990.

*Swift, Currie, McGhee & Hiers, Guy R. Taylor,* for appellant.
*J. Wayne Moulton,* for appellee.