A92A0292. ATLANTA RENT-A-CAR, INC. v. JACKSON.
(419 SE2d 489)

SOGNIER, Chief Judge.

Steven Jackson was involved in a collision with Mary Johns while driving a car he rented from Atlanta Rent-A-Car, Inc. ("ARAC"). Johns's automobile insurance carrier paid her claim and then filed a subrogation action against Jackson. In turn, Jackson brought a third-party complaint for indemnification against ARAC, a self-insurer, and ARAC counterclaimed on the basis of an indemnification clause in the

rental contract. Jackson moved for partial summary judgment as to ARAC's liability, and ARAC appeals from the grant of that motion.

The rental contract executed by appellee includes a box in which appears a handwritten notation that appellee was insured by Southern General Insurance Company, and the notation lists the policy number and expiration date. Inside the same box appellee placed his signature to indicate that he declined "extended protection." The rental contract also includes a preprinted clause stating that "[appellee] further agrees that [appellant] furnishes no insurance whatsoever to [appellee] and [appellee] expressly agrees and warrants that he has insurance that covers the rented vehicle and the operation thereof and his insurance is primary coverage." Appellant's vice president averred that appellant's standard practice was to ask customers whether they had insurance and to require them to purchase extended protection if they could not provide proof of insurance, and that the notations on appellee's rental contract show that this procedure was followed for his rental. Conversely, appellee averred that he was not offered "spot insurance" by appellant as required by OCGA § 40-9-102 and that he did not purchase spot insurance to cover the rental car from appellant or any other source.

Resolution of this appeal requires construction and application of OCGA § 40-9-102, which exempts car rental businesses from coverage under the Motor Vehicle Safety Responsibility Act, OCGA § 40-9-1 et seq., provided certain conditions are met. OCGA § 40-9-102 provides that "[a]ny person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance, and insurance companies authorized to issue automobile policies in this state shall be required . . . to provide 'spot' insurance, which shall be purchased by such person before the U-drive-it owner shall be authorized to turn a motor vehicle over to such person. If a U-drive-it owner turns over any motor vehicle to any person without first ascertaining that such 'spot' insurance has been obtained, the U-drive-it owner shall not, as to that particular rental transaction, be exempted from the provisions of [the Motor Vehicle Safety Responsibility Act]."

The parties' dispute centers on the meaning of the term "spot insurance." Appellant contends that when the statute is read as a whole, the term "spot insurance" refers to coverage for the rental vehicle either under a policy sold by the rental agency to the renter specifically for the rental vehicle *or* by a policy already held by the renter that covers rental vehicles driven by the insured. Consequently, appellant asserts, its procedure — as followed in the case sub judice — of inquiring whether prospective renters already have insurance that would cover the rental vehicle and requiring them to purchase extended protection for the rental car if they cannot show proof of insurance meets the requirements of the statute. Appellee,

citing *Continental Cas. v. Owen,* 90 Ga. App. 200, 209 (82 SE2d 742) (1954), which defined the term "spot insurance" as "a specific policy on a particular car [owned] by [a] U-Drive-It rented to a specific renter," maintains that the statute requires the rental agency to offer the prospective renter a policy that would cover the renter solely for the rental vehicle.

OCGA § 40-9-102 has been construed in only two reported cases: *Continental Cas.,* supra, and *Jones v. Wortham,* 201 Ga. App. 668 (411 SE2d 716) (1991), which was decided after the trial court entered the judgment at issue in this appeal. *Jones* involved a dispute between a self-insured U-drive-it owner and the insurance carrier for a driver who had rented a car from the U-drive-it owner as to which entity was required to provide primary liability coverage for the rental vehicle. Noting that OCGA § 40-9-102 requires renters to provide their own insurance, and applying the principle of Georgia law that insurance follows the vehicle, the *Jones* court held that the renter's carrier must provide the primary coverage for the rental vehicle.

The *Jones* decision implicitly recognized that the requirement in OCGA § 40-9-102 that a person who rents from a U-drive-it owner must provide insurance for the vehicle may be satisfied by a vehicle insurance policy the renter already holds for his own vehicle that covers the renter while driving another car. Accordingly, we read OCGA § 40-9-102 to require that a person who rents from a U-drive-it owner must provide insurance for the vehicle *either* through a vehicle insurance policy the renter already holds for his own vehicle that covers the renter while driving another car *or* by purchasing at the time of rental an insurance policy that covers the specific rental vehicle. Thus, the "spot insurance" referred to in the final sentence of OCGA § 40-9-102 — i.e., the insurance the U-drive-it owner must ascertain is in place before renting the vehicle — includes not only the type of insurance defined in *Continental Cas.,* supra, but also the type of policy held by the driver in *Jones.* To hold otherwise would render meaningless the unequivocal statement in the statute that any person who rents a vehicle must provide his own insurance, which would be in derogation of our duty to construe statutes so as to give full force and effect to all provisions and to reconcile any apparent conflicts. See *Head v. H. J. Russell Constr. Co.,* 152 Ga. App. 864, 865 (264 SE2d 313) (1980).

Given this interpretation of OCGA § 40-9-102, we further hold that the statute requires a U-drive-it owner to determine whether a renter has obtained insurance for the rental vehicle under *one* of these alternatives before furnishing a rental vehicle. Contrary to appellee's characterization, OCGA § 40-9-102 does not require the U-drive-it owner to *offer* insurance at the time of rental if the renter

already has insurance to cover the rental vehicle. The notations on the face of the rental contract at issue demonstrate that appellant ascertained that appellee had insurance coverage before renting the car to him. Therefore, appellant was not required to offer insurance to appellee or to require appellee to purchase insurance to be eligible for the exemption afforded by OCGA § 40-9-102. Accordingly, appellee's insurer, not appellant, is primarily liable for injuries to third parties resulting from appellee's acts, see *Jones*, supra at 670, and the trial court erred by granting appellee's motion for partial summary judgment.

*Judgment reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 8, 1992 —
RECONSIDERATION DENIED JUNE 4, 1992 —

*Trauner, Cohen & Thomas, Russell S. Thomas,* for appellant.
*Edward M. Harris & Associates, Edward M. Harris, Jr., Wetzel & Carroll, Michael L. Wetzel,* for appellee.