## A94A0221. RABINOVITZ et al. v. ACCENT RENT-A-CAR, INC.
### (446 SE2d 244)

SMITH, Judge.

The appellants were injured in an automobile collision involving a vehicle rented from appellee Accent Rent-A-Car, Inc. The driver was uninsured. Appellants sought recovery against Accent on the theory that since Accent was required to verify that the renting driver was insured before turning the vehicle over to him, its failure to do so was negligence per se and the "proximate cause" of appellants' injuries.[1] The trial court granted appellee's motion for summary judgment and denied that of appellants. This appeal followed.

OCGA § 40-9-102 provides that "[a]ny person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance, and insurance companies . . . shall be required . . . to provide 'spot' insurance, which shall be purchased by such person before the U-drive-it owner shall be authorized to turn a motor vehicle over to such person. If a U-drive-it owner turns over any motor vehicle to any person without first ascertaining that such 'spot' insurance has been obtained, the U-drive-it owner shall not, as to that particular rental transaction, be exempted from the provisions of this chapter as provided in Code Section 40-9-4."

"In determining whether the violation of [a statute] is negligence per se as to a particular person, it is necessary to examine the purpose of the [statute] and decide (1) whether the injured person falls within the class of persons it was intended to protect, and (2) whether the harm complained of was the harm it was intended to guard against. In construing any statute, we must look to the natural and most obvious import of its language." (Citations and punctuation omitted.) Montgomery Ward & Co. v. Cooper, 177 Ga. App. 540, 541 (1) (339 SE2d 755) (1986).

A plain reading of OCGA § 40-9-102 reveals it is remedial in nature. Its mandate "is in the nature of a bond to guarantee the public against damages by some irresponsible renter of a car of the U-Drive-It." Continental Cas. Co. v. Owen, 90 Ga. App. 200, 209 (2) (82 SE2d 742) (1954). Its purpose is not specifically to prevent tortious acts by operators of rental vehicles, but rather to assure that such tortfeasors

---

[1] Appellants also suggest that as a result of Accent's failure to inquire whether the driver was insured, they were wrongfully denied two sources of recovery. However, this is merely a makeweight argument. The injuries complained of resulting from Accent's omission are the appellants' physical injuries, not the loss of a second source of recovery. We cannot relitigate this matter for the appellants merely because it would appear that their logic, in the words of the special concurrence, "misses the mark." It is clear that the appellants do not wish to limit their recovery to that which they would have realized had the uninsured driver purchased "spot" insurance. However, as the special concurrence correctly explains, a less zealous approach would have been just as unsuccessful.

are not uninsured. Since the enactment of the Georgia Motor Vehicle Accident Reparations Act in 1974, owners such as Accent have been required to insure their vehicles in any event. Ga. L. 1974, p. 113, § 3; *Jones v. Wortham*, 201 Ga. App. 668, 669 (411 SE2d 716) (1991). However, this was not the law in 1951 when the "spot" insurance provision was first enacted. See Ga. L. 1951, p. 565, § 23.

The statute clearly was not designed to prevent or even discourage otherwise uninsured motorists from renting vehicles with companies like Accent. On the contrary, it provides the means by which such persons can obtain the required insurance "on the spot." Even assuming that the collision in this particular case would not have occurred but for Accent's failure to confirm that its renting driver had insured himself before it released the vehicle to him, this does not alter our interpretation of the statute on which appellants exclusively rely for recovery from Accent. Since OCGA § 40-9-102 was not designed to prevent the collision which caused appellants' injuries, the court did not err in granting Accent's motion for summary judgment.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur specially.*

McMURRAY, Presiding Judge, concurring specially.

I concur in the judgment, but not for the reasons stated by the majority.

Stephen S. Rabinovitz, Judith B. Rabinovitz, Lawrence Rabinovitz and Cindy Mason Rabinovitz filed an action against Accent Rent-A-Car, Inc. ("Accent"), alleging they were injured when James M. Brewer negligently drove an Accent rental car into a taxi cab occupied by the Rabinovitzes. Specifically, the Rabinovitzes allege that Accent negligently entrusted a rental car to Brewer and that Accent was negligent as a matter of law by failing to verify that Brewer had automobile liability insurance as required by OCGA § 40-9-102.[2]

Upon opposing motions for summary judgment, the undisputed evidence reveals that Brewer had no insurance covering the vehicle he rented from Accent and that Accent had the vehicle insured as required by OCGA § 33-34-4.[3] However, there is conflicting evidence

---

[2] OCGA § 40-9-102 requires a person who rents a car from a rental agency to acquire "spot" insurance covering the rental vehicle and prohibits the rental agency from turning a motor vehicle over to a renter until such insurance is acquired. "[T]his requirement may be satisfied by a vehicle insurance policy that the renter already holds for his own vehicle and that covers the renter while driving another vehicle. Alternatively, the renter may satisfy the statutory mandate by purchasing at the time of rental, an insurance policy that covers the specific rental vehicle." (Footnote omitted.) Frank E. Jenkins III and Wallace Miller III, Ga. Auto. Ins. Law (Including Tort Law), pp. 182, 183, § 21-8 (1993 ed.).

[3] OCGA § 33-34-4 now requires minimum coverage as prescribed in the Georgia Motor

regarding Accent's knowledge of Brewer's lack of insurance and there is evidence that Accent made only a veiled attempt to determine whether Brewer (or any other customer) had automobile liability insurance before turning a rental car over to him. It is my view that these circumstances raise genuine issues of material fact as to Accent's compliance with OCGA § 40-9-102, i.e., whether Accent established that Brewer had insurance before renting him a car. However, the majority ignores evidence pertinent to Accent's compliance, vel non, with this statute and holds that (in any event) the Rabinovitzes cannot recover because "OCGA § 40-9-102 was not designed to prevent the collision which [allegedly] caused [the Rabinovitzes'] injuries. . . ." It is my view that this logic misses the mark.

" 'In determining whether the violation of the ordinance is negligence *per se* as to a particular person, it is necessary to examine the purpose of the ordinance and decide (1) whether the injured person falls within the class of persons it was intended to protect, and (2) whether the harm complained of was the harm it was intended to guard against. (Cit.)' *Rhodes v. Baker*, 116 Ga. App. 157, 160 (2b) (156 SE2d 545) (1967)." *Montgomery Ward & Co. v. Cooper*, 177 Ga. App. 540, 541 (1) (339 SE2d 755). To this end, the Georgia Court of Appeals observed in *Continental Cas. Co. v. Owen*, 90 Ga. App. 200, 209 (82 SE2d 742), that the purpose of "spot" insurance under Ga. L. 1951, pp. 565, 578, § 23 (now OCGA § 40-9-102) "is . . . to guarantee the public against damages by some irresponsible renter of a car of the U-Drive-It." Id. at 209. With this object in mind, it is my view that the Rabinovitzes fall within the class of persons OCGA § 40-9-102 was intended to protect and that the harm the Rabinovitzes now complain of (i.e., lack of protection from a financially irresponsible rental car driver) is the harm the statute was intended to guard against. I base this conclusion on the undisputed fact that the Rabinovitzes are members of the general public and that they allege damage as a result of the negligence of a financially irresponsible rental car driver. Consequently, it is my view that the controlling issue is whether the Rabinovitzes were harmed by Accent's alleged failure to comply with OCGA § 40-9-102. Conversely stated, the pivotal issue in the case sub judice is whether the object of OCGA § 40-9-102 was accomplished.

The purpose of OCGA § 40-9-102 "is . . . to guarantee the public

---

Vehicle Safety Responsibility Act. This Code section defines minimum financial responsibility as "$15,000.00 because of bodily injury to or death of one person in any one accident, and subject to said limit for one person, in the amount of $30,000.00 because of bodily injury to or death of two or more persons in any one accident, and in the amount of $10,000.00 because of injury to or destruction of property of others in any one accident. . . ." OCGA § 40-9-2 (5) (A). It appears that the amounts now described as minimum financial responsibility was the coverage Accent provided for the rental car it turned over to Brewer.

against damages by some irresponsible renter of a car of the U-Drive-It." *Continental Cas. Co. v. Owen*, 90 Ga. App. 200, 209, supra. In the case sub judice, it is my view that the object of OCGA § 40-9-102 was met since it is undisputed that Accent had automobile liability insurance covering the collision. In other words, the Rabinovitzes have a guarantee in Accent's automobile liability insurance policy against damages allegedly caused by Brewer's irresponsibility. They are therefore not harmed by Accent's failure to comply with OCGA § 40-9-102 and this is the sole reason I concur in the judgment of the majority opinion.[3]

I am authorized to state that Chief Judge Pope joins in this special concurrence.

DECIDED JULY 11, 1994.

*F. Clay Bush*, for appellants.

*Drew, Eckl & Farnham, Hall F. McKinley III, Douglas M. Baker*, for appellee.

---

[3] It seems logical that Accent's compliance with OCGA § 40-9-102 would have greatly increased the likelihood that the Rabinovitzes would now be covered under two automobile liability insurance policies instead of just one, i.e., the coverage Accent maintained pursuant to OCGA § 33-34-4 and the coverage Brewer should have had pursuant to OCGA § 40-9-102. However, without statutory authorization, I do not believe the Court of Appeals has authority to extend the legislative penalty prescribed for noncompliance with OCGA § 40-9-102, exemption "from the provisions of [Georgia's Motor Vehicle Safety Responsibility Act] as provided in Code Section 40-9-4." Although OCGA § 40-9-4 is awkwardly drafted, it seems that the penalty of "exemption" means that the rental car agency's insurance policy will be primary rather than secondary. See *Jones v. Wortham*, 201 Ga. App. 668, 670 (411 SE2d 716); *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450 (419 SE2d 489).