Thomas V. RYAN, Plaintiff,

v.

Gus BOYD, Jr., Defendant.

BUDGET RENT–A–CAR
CORPORATION,
Plaintiff,

v.

Thomas V. RYAN and Gus
Boyd, Jr., Defendants.

No. 7:93–cv–10.

United States District Court,
M.D. Georgia,
Valdosta Division.

Jan. 17, 1996.

Delman L. Minshew, Waycross, GA, for Thomas V. Ryan.

Stanley M. Karsman, Savannah, GA, D. Campbell Bowman, Jr., Savannah, GA, for Budget Rent–A–Car Corp.

G. Mason White, Savannah, GA, for Gus Boyd, Jr.

### ORDER

OWENS, District Judge.

This complaint for declaratory judgment filed by Budget Rent-a-Car Corporation ("Budget"), was consolidated with earlier diversity action of Thomas V. Ryan against Gus Boyd, Jr., seeking damages for injuries sustained in an automobile collision occurring August 31, 1991.

Ryan has filed a motion for summary judgment seeking a determination that he is entitled to recover benefits from Budget under Budget's liability insurance coverage provided as a self-insurer without regard to any statutory limitations. Budget has filed a re-

sponse to Ryan's motion and has filed its own motion for summary judgment. Budget seeks a declaration that its liability is excluded by the terms of its rental agreement or, alternatively, that its exposure is limited to the mandatory minimum liability limits of the State of Georgia. Boyd has responded to both motions for the limited purpose of denying that he was intoxicated when the aforesaid collision occurred.

After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court issues the following order.

## I. Background

The facts of this case were outlined in the court's previous order of December 8, 1993. Carol Boyd, the wife of Gus Boyd, rented a 1991 Ford Probe automobile on August 30, 1991, from Budget's office at New Smyrna Beach, Florida. At the time of the rental transaction Mrs. Boyd carried minimum liability coverage under a policy of insurance issued by Superior Insurance Company. Budget was a self-insured corporation pursuant to Georgia law and was insured in an amount up to $500,000. Mrs. Boyd paid for the rental of the automobile with her Sears Discover card. She identified her husband Gus Boyd as "spouse" and listed him on the rental agreement as an additional driver. On August 31, 1991, Gus Boyd drove the rental car owned by Budget through an intersection in Valdosta, Georgia, colliding with the car being driven by Ryan. Ryan sustained serious personal injuries in the accident.

The rental agreement between Carol Boyd and Budget contained a use restriction provision stating that the vehicle would not be operated by anyone "while intoxicated or under the influence of drugs or other substances which would impair driving ability." Budget contends that Gus Boyd was intoxicated at the time of the collision and that his driving the car while intoxicated invalidated in whole or in part Budget's duty to provide liability coverage.

Budget's agent did not explain the use restriction to Mrs. Boyd, nor did she make any inquiries as to whether Mrs. Boyd had liability insurance of her own. The only in-

formation Budget's agent provided Mrs. Boyd about the terms of the rental agreement concerned the availability of optional collision, medical, and personal items insurance.

## II. Summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be entered in favor of the movant where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Irby v. Bittick,* 44 F.3d 949, 953 (11th Cir.1995). The issue of fact must be genuine, and the factual dispute must be material to the outcome of the litigation. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. "Materiality" is determined by reference to the substantive law that controls the case. *Id.; Mulhall v. Advance Security, Inc.,* 19 F.3d 586, 590 (11th Cir.), *cert denied,* —— U.S. ——, 115 S.Ct. 298, 130 L.Ed.2d 212 (1994).

The movant is entitled to judgment as a matter of law where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once a party has moved for summary judgment and properly supported its motion, the burden shifts to the nonmovant to create, through the evidentiary forms listed in FED. R.CIV.P. 56(c), genuine issues of material fact necessitating a trial. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553–54.

## III. Discussion

### A. Limits of liability

■ Budget contends that by the terms of the rental agreement its liability was limited to Georgia's minimum statutory requirements of $15,000 per person and $30,000 per occurrence. *See* O.C.G.A. § 33-34-4 and § 40-9-37. At the time of the rental transaction Budget was a self-insured corporation which provided insurance in an amount up to $500,000, with other insurance being provid-

ed as excess coverage. Under Georgia law a self-insured company wishing to limit the extent of its coverage to the minimum statutory requirements must specify such limits of liability on its self-insurance plan on file with the Commissioner of Insurance. *Proctor v. Rapid Group, Inc.*, 203 Ga.App. 232, 416 S.E.2d 774 (1992); *National Serv. Ind. v. Transamerica Ins.*, 206 Ga.App. 337, 425 S.E.2d 327 (1992). Unless the self-insurer adequately notifies the public in this manner of the limitations of its liability, it cannot claim entitlement to the statutory minimums. *Id.*

The parties do not dispute the fact that Budget's self-insurance plan filed with the Commissioner of Insurance does not contain specific language limiting its liability to the statutory minimums. Budget nevertheless maintains that the terms of the rental agreement provide sufficient notification of its limitation of liability and that the rental agreement is properly viewed as an endorsement to the self-insurance plan.

The rental agreement between Budget and Mrs. Boyd provided the following in Paragraph 6 under the heading "Liability Insurance":

> If there is no violation of any of the use restrictions in paragraph 5 above, renter and any authorized driver shall, while operating the vehicle, be provided with liability coverage in accordance with the standard provisions of a basic automobile liability insurance policy, or in accordance with the requirements of a qualified self-insurer instead of such coverage, for protection against liability for causing bodily injury (including death) and property damage with one of the following applicable coverage limits—
>
> Coverage limits imposed by the State Financial Responsibility Law where the accident occurs; or—
>
> Coverage limit of $100,000 for each person, but not more than $300,000 for each occurrence, and property damage limits of up to $25,000 for each occurrence if a renter, at time of rental, possessed valid Budget CorpRate or Sears Checklist Charge credentials, and such rental is charged at a valid Budget CorpRate or Sears Checklist Charge rate—
>
> (If SLI is offered and accepted, a higher limit of liability insurance will be provided as described in the applicable brochure.)

Mrs. Boyd rejected the optional SLI and was not eligible for the higher limit of coverage available under this paragraph. It is also apparent from the bulletin filed as Exhibit 2 to Budget's brief that Mrs. Boyd's use of a Sears Discover charge card did not qualify her for "Budget CorpRate" or "Sears Checklist" rates. There is no evidence that Mrs. Boyd was an employee or retiree of Sears or its related companies, a status which the bulletin indicates is a prerequisite for obtaining a Checklist Charge account. Nor is any claim made that Mrs. Boyd enjoyed a special status with Budget which would entitle her to special corporate rates. Thus, the coverage available to her under Paragraph 6 was "Coverage limits imposed by the State Financial Responsibility Law where the accident occurs."

Georgia law imposes liability in excess of the statutory minimum amounts on a self-insurer who fails to specify the limits of its coverage in the manner prescribed by the courts. Budget may not claim entitlement to the statutory minimum amounts when it has failed to comply with the requirements of state law that its limitations of coverage be specified in its self-insurance plan filed with the Commissioner of Insurance. The court therefore finds that Budget's liability for injury to Ryan was not limited by Paragraph 6 of its rental agreement to the minimum amounts specified in O.C.G.A. § 40–9–37. Under the circumstances of this case state law imposes liability upon Budget in excess of the minimum statutory amounts of $15,000 and $30,000.

### B. Priority of insurance coverage

■ O.C.G.A. § 40–9–102 provides:

Any person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance, and insurance companies authorized to issue automobile policies in this state shall be required by the Commissioner of Insurance to provide "spot" insurance, which shall be purchased by

such person before the U-drive-it owner shall be authorized to turn a motor vehicle over to such person. If a U-drive-it owner turns over any motor vehicle to any person without first ascertaining that such "spot" insurance has been obtained, the U-drive-it owner shall not, as to that particular rental transaction, be exempted from the provisions of this chapter as provide in Code Section 40–9–4.

Section 40–9–102 requires that before a "U-drive-it" company furnishes a car to a renter it must first determine whether the renter has insurance for the rental vehicle. The renter may provide insurance either through a policy he already holds or by purchasing insurance at the time of the rental transaction which covers the specific rental vehicle. *Atlanta Rent-A-Car, Inc. v. Jackson*, 204 Ga.App. 448, 419 S.E.2d 489 (1992). The statute does not require the car rental company to offer insurance if the renter already has insurance. *Id.*

In *Jones v. Wortham*, 201 Ga.App. 668, 411 S.E.2d 716 (1991), the owner's rental agreement provided that the company furnished no insurance whatsoever to the renter and that the renter expressly warranted that he had insurance providing primary coverage for the rental vehicle. In a dispute over the priority of coverage the court held that the requirement of O.C.G.A. § 40–9–102 that each individual operator of a motor vehicle carry insurance did not exempt the owner from its duty to provide liability insurance for injury to third parties. However, the court found the operator's insurance to be primary and the owner's insurance to provide excess coverage, if any, under the facts of the case.

The holding of *Wortham* does not preclude a U-drive-it owner and a renter from agreeing by contract that the owner be responsible for providing primary coverage. *General Car & Truck Leasing System, Inc. v. Woodruff*, 214 Ga.App. 200, 447 S.E.2d 97 (1994). In *Woodruff*, the company's rental agreement stated that liability insurance provided by the owner would be primary unless the renter agreed, by checking a space on the face of the contract, to provide primary coverage. Because the renter had not checked

the appropriate space, the terms of the contract prevailed. The rental agreement also contained a merger clause stating that the terms and conditions of the entire contract were set forth therein. Thus, the court found that the fact that the owner maintained the renter's certificate of insurance on file indicated only that the company had complied with the requirement of O.C.G.A. § 40–9–102 that it determine whether the renter had insurance. The owner's maintenance of the certificate of insurance on file was held not sufficient to establish priority of coverage.

The situation in the instant case more closely resembles the fact situation in *Woodruff*. Budget's agent made no attempt to ascertain whether Mrs. Boyd had liability coverage in effect to insure her or her husband while driving the rented vehicle. In contrast to the facts in *Wortham* in which the provisions of the rental agreement had purportedly relieved the owner of its responsibility to provide insurance coverage, Budget's rental agreement specifically provided that a renter "shall, while operating the vehicle, be provided with liability coverage...." The rental agreement in effect required Mrs. Boyd to purchase liability insurance as part of the rental transaction. By undertaking to provide such coverage, Budget satisfied the duty imposed upon it by O.C.G.A. § 40–9–102 to ascertain that a potential renter had liability insurance. *Atlanta Rent-A-Car, Inc. v. Jackson*. Budget's incorporation of its own liability coverage as part of the terms of its rental agreement, along with its failure to determine whether Mrs. Boyd maintained her own liability coverage, strongly support a conclusion that the rental agreement contemplated that primary coverage be provided by Budget as a self-insurer. The court therefore finds that under the circumstances of this case Budget provided primary liability coverage under its rental agreement which had priority over the policy of insurance maintained by Mrs. Boyd.

### C. DUI Use Restriction

■ Budget argues that the DUI exclusion contained in the rental agreement either completely or partially excuses its duty to

provide coverage in this case. Paragraph 5 of the rental agreement provides:

> Use Restrictions: Renter and authorized driver agree that the vehicle will not be used or operated by anyone:

> .    .    .    .    .

> (c) while intoxicated or under the influence of drugs or other substances which would impair driving ability.

Paragraph 6 of the agreement excludes liability coverage for violations of the use restrictions recited in Paragraph 5.

The public policy of the State of Georgia is that "innocent persons who are injured should have an adequate recourse for the recovery of their damages." *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335, 329 S.E.2d 136, 141 (1985), quoting *Anderson v. Southeastern Fidelity Ins. Co.*, 251 Ga. 556, 307 S.E.2d 499 (1983). Each exclusion in an insurance policy must be evaluated individually to determine whether it is against public policy. *Federated Mut. Ins. Co. v. Dunton*, 213 Ga.App. 148, 444 S.E.2d 123 (1994).

In *Neese*, the court held that an exclusionary clause precluding coverage while an insured is attempting to avoid apprehension or arrest was unenforceable on grounds of public policy because of the effect the exclusion would have on innocent third parties. However, the court concluded that the unenforceability of the exclusion extended only as far as the statutory minimums required by the compulsory insurance law. "That is to say, the compulsory insurance law does not establish a policy as to sums greater than those required by such law." *Neese*, 329 S.E.2d at 142. The *Neese* court cited with favor *Weekes v. Atlantic Natl. Ins. Co.*, 370 F.2d 264, 272 (9th Cir.1966), in which Arizona law was construed to invalidate, to the extent of the minimum statutory requirements, a liability insurance provision excluding coverage while the automobile was being driven by an intoxicated person. Additionally, in *Martin v. Chicago Ins. Co.*, 184 Ga.App. 472, 361 S.E.2d 835 (1987), the court invalidated to the extent of the minimum mandatory liability coverages a policy exclusion of coverage for any person intentionally causing bodily injury or property damage. The court held

that from the standpoint of the innocent third party who was intentionally injured by the insured, the injury was caused by an "accident" as defined in O.C.G.A. § 40–9–2(1).

In the instant case the court finds that under Georgia law Budget's use restriction is void as against public policy because of the effect it would have upon innocent third parties who are injured as a result of intoxicated operators. As the court stated in *Strickland v. Georgia Casualty & Surety Company*, 224 Ga. 487, 162 S.E.2d 421, 424 (1968): "[I]f the named insured permitted the use of the vehicle and at the same time prohibited its negligent or unlawful operation, it would defeat the very purpose of the policy."

Ryan argues that the cases construing use restrictions in insurance policies are inapplicable inasmuch as Budget was a self-insurer. The distinction between insurance coverage provided by an insurance policy and coverage provided by a self-insurer does not render the above cases wholly inapplicable. "O.C.G.A. § 33–34–2(12) and 40–9–101 mandate that self-insurance plans 'provide coverages, benefits, and claims handling procedures substantially equivalent to those afforded by a policy' of motor vehicle insurance in compliance with Title 33, Chapter 34, of the O.C.G.A." *National Serv. Ind. v. Transamerica Ins.*, 206 Ga.App. 337, 425 S.E.2d 327, 329 (1992), quoting *Twyman v. Robinson*, 255 Ga. 711, 342 S.E.2d 313 (1986).

*Transamerica*, which Ryan cites for the proposition that cases construing insurance policies are inapplicable to the present case, involved the construction of a permissive user clause. Stating that "the cases construing insurance policies, while instructive, do not control the instant case," the court ruled that as to self-insurers the legislature had intended by the plain language of former O.C.G.A. § 33–34–2(5) and the enactment of the compulsory insurance law that a permissive user be insured regardless of the purpose for which he was using the vehicle at the time of the accident. Such a distinction between self-insurers and insurance policies does not apply to the instant case since we are not called upon to construe the language of a specific statutory provision. Whether

liability coverage is provided by an insurance policy or by a self-insured company, the public policy of Georgia is to insure that adequate resources be available for the benefit of injured innocent persons.

Therefore, Budget's use restriction against driving while intoxicated is invalid as against the public policy that minimum statutory coverage be available in all instances for the benefit of innocent persons. The court finds no basis for concluding that Georgia's public policy places a greater obligation upon a self-insurer to protect a third party against unlawful operation of a motor vehicle than it places upon a company providing coverage under an insurance policy. Thus, the court holds that the DUI use restriction in the rental agreement between Budget and Mrs. Boyd is invalid to the extent of the mandatory minimum liability coverages mandated by statute.

## IV. Conclusion

Budget's motion for summary judgment is DENIED except for the finding that its DUI use restriction limits its exposure to the mandatory minimum liability limits of the State of Georgia. The court makes no finding as to whether Gus Boyd violated the DUI use restriction. Ryan's motion for summary judgment is **GRANTED** except for the finding regarding this issue.

**SO ORDERED.**