A97A1909. A. ATLANTA AUTOSAVE, INC. v. GENERALI — U. S. BRANCH.
(498 SE2d 278)

JOHNSON, Judge.

On January 12, 1995, A. Atlanta AutoSave, Inc. ("AutoSave") rented an automobile to Danita Cabey. Tara Roberts was listed on the rental agreement as an additional driver of the rental car, but did not sign or co-sign the rental agreement. Cabey provided AutoSave with an insurance card showing she had automobile liability insurance coverage with Southern General Insurance Company through February 24, 1995. Her insurance information was entered on the contract under "Renter's Applicable Insurance." It is undisputed that this policy had been canceled with Cabey's consent nearly three weeks before the rental. Roberts also provided AutoSave with an insurance card showing she had automobile liability insurance with Generali — U. S. through April 14, 1995. Roberts' insurance information was handwritten in the middle of the contract under the heading "Local."

While driving the car, Roberts was involved in an accident with a vehicle driven by Amina Williams. Williams and her passenger, Denise Jones, alleged they received injuries in the accident and filed claims for damages with Generali and AutoSave. Generali and AutoSave each claim the other has primary coverage for any bodily injury claims arising from the accident.

Generali filed the present declaratory judgment action naming AutoSave, Roberts, Jones and Williams as defendants. Williams subsequently moved for summary judgment on the issue of priority of coverage between Generali and AutoSave, arguing Generali's policy was primary since Roberts was driving the vehicle at the time of the accident. Generali filed its motion for summary judgment, arguing the policy it issued to Roberts lists as the covered automobile a vehicle which was not involved in the accident. The trial court granted Generali's motion and denied Williams' motion, thus effectively declaring AutoSave's coverage primary. AutoSave appeals from that judgment. For the reasons set out below, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. According to OCGA § 40-9-102: "Any person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance, and insurance companies authorized to issue automobile policies in this state shall be required by the Commissioner of Insurance to provide 'spot' insurance, which shall be purchased by such person

before the U-drive-it owner shall be authorized to turn a motor vehicle over to such person. If a U-drive-it owner turns over any motor vehicle to any person without first ascertaining that such 'spot' insurance has been obtained, the U-drive-it owner shall not, as to that particular rental transaction, be exempted from the provisions of [the Motor Vehicle Safety Responsibility Act]." This statute requires a car rental company to determine whether a renter has obtained insurance for a rental vehicle before renting the vehicle. *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450 (419 SE2d 489) (1992).

"[A] person who rents from a U-drive-it owner must provide insurance for the vehicle *either* through a vehicle insurance policy the renter already holds for his own vehicle that covers the renter while driving another car *or* by purchasing at the time of rental an insurance policy that covers the specific rental vehicle." (Emphasis in original.) Id. at 450. "[T]he statute requires a U-drive-it owner to determine whether a renter has obtained insurance for the rental vehicle under *one* of these alternatives before furnishing a rental vehicle." (Emphasis in original.) Id.

According to AutoSave's manager, he called INSURGEORGIA, which was the agent for both Cabey and Roberts, and verified that both policies were in effect and included coverage for car rentals. This testimony, as well as the notations on the face of the rental contract at issue demonstrate that AutoSave ascertained that Cabey had insurance coverage before renting the car to her. Id. at 451. Therefore, AutoSave was not required to offer insurance to Cabey or to require Cabey to purchase insurance to be eligible for the exemption afforded by OCGA § 40-9-102. Id.

Despite AutoSave's alleged verification of coverage, it is undisputed that Cabey did not have insurance at the time of the rental. Conflicting evidence regarding Cabey's lack of insurance and evidence that AutoSave attempted to determine whether Cabey had insurance before renting the vehicle to her raise genuine issues of material fact as to AutoSave's compliance with OCGA § 40-9-102. However, whether AutoSave fully complied with its duty to determine whether Cabey had insurance in force before renting the vehicle to her is irrelevant in this case, because it is undisputed that Cabey did not have insurance in effect at the time of the rental. While this is a case of first impression in Georgia, our prior holdings in rental cases and insurance cases in general provide support for our holding that the exemption afforded in OCGA § 40-9-102 does not apply under the circumstances presented in this case.

In Georgia, insurance "follows the car." See *Jackson*, supra; *Jones v. Wortham*, 201 Ga. App. 668, 670 (411 SE2d 716) (1991); *Indus. Indem. Co. v. Walck*, 192 Ga. App. 754, 756 (386 SE2d 521) (1989). In line with this policy, OCGA § 33-34-4 mandates that "[n]o

owner of a motor vehicle required to be registered in this state or any other person . . . shall operate or authorize any other person to operate the motor vehicle unless the owner has motor vehicle liability insurance" providing the Motor Vehicle Safety Responsibility Act's minimum required coverage. Primary coverage should be provided by the insurer of the owner of the motor vehicle.

OCGA § 40-9-102, which provides that lessees from rental agencies furnish their own insurance, does not exempt rental companies from their duty to procure liability insurance as owners of vehicles. *Jones*, supra. Compulsory liability insurance coverage is required not only for the benefit of the insured, but also to ensure compensation for innocent victims of negligent motorists. *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987).

We have previously established by case law that owners of rental vehicles are exempted from the general principle that insurance follows the car as long as they comply with OCGA § 40-9-102. In such a case, the lessee's insurance should be primary and the car rental company's insurance should afford excess coverage, if any. See *Jones*, supra. However, "[t]he mandate of OCGA § 40-9-102 is in the nature of a bond to guarantee the public against damages by some irresponsible renter of a car of the U-Drive-It." (Citation and punctuation omitted.) *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 661 (455 SE2d 366) (1995). The purpose of the statute is to assure that lessees of rental vehicles are not uninsured. Id.

Since it is undisputed that Cabey, the lessee in this case, had no insurance in effect at the time she rented the car from AutoSave, the burden of primary insurance coverage could not have been shifted to her. Therefore, AutoSave's insurance must become primary. This is true whether or not AutoSave complied with OCGA § 40-9-102, and such a holding effectuates the purpose of that statute. The permissive user or additional driver's insurance is irrelevant, notwithstanding the fact that this person is the active tortfeasor under the circumstances. The trial court correctly determined that AutoSave is responsible for any claims made as a result of the collision between Roberts and Williams.

2. The trial court also did not err in determining that Roberts was not a party to the rental contract. Assent of the parties to the terms of a contract is essential to its validity. OCGA § 13-3-1. In the present case, Roberts did not sign the rental agreement and was not listed as an additional renter. She was merely listed as an additional driver. Thus, despite AutoSave's arguments to the contrary, the rental agreement shows on its face that it was a contract only between Cabey and AutoSave.

While Roberts' insurance would have been primarily applicable

to the accident had Roberts signed the rental agreement as a renter or co-renter, Roberts was not a party to the rental agreement. Contrary .to AutoSave's contention, *Jones*, supra, is not controlling. In *Jones*, the driver of the rented automobile at the time of the collision was the renter and had his own insurance. In the present case, the driver and the renter of the vehicle are not the same person.

Generali correctly asserts that it is not responsible for primary coverage because the policy it issued to Roberts lists a vehicle as the covered automobile which was not involved in the accident. An insurance company may fix the terms of its policies and may insure against certain risks and exclude others. *Lofton v. State Farm Mut. Auto. Ins. Co.*, 192 Ga. App. 154 (384 SE2d 245) (1989). In *Lofton*, the insurance company limited its payment of damages to bodily injury caused by its insured resulting from the ownership, maintenance or use of the insured's car, which was specifically described in the declarations page. We held that "[b]y the terms of each of the policies, liability coverage exists only for the vehicle listed on the declarations page of each policy." Id. at 155.

Based on the foregoing, even though Roberts was driving the vehicle at the time of the accident with Williams, AutoSave and not Generali is primarily responsible for providing insurance coverage for the accident.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 20, 1998 —
RECONSIDERATION DENIED MARCH 4, 1998

*McCrimmon & McCrimmon, Edward W. McCrimmon, Lisa L. McCrimmon*, for appellant.

*Lane, O'Brien & Caswell, Eugene O'Brien, Michael A. Penn, Richard L. Ormand, Matthew Berry, Pat D. Dixon, Jr., Steven W. Gardner*, for appellee.