A06A2429. STATE FARM AUTOMOBILE INSURANCE COMPANY et al. v. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY et al.

(643 SE2d 895)

PHIPPS, Judge.

State Farm Automobile Insurance Company and its insured, Horst Ziesing, challenge a declaratory judgment obtained by Metropolitan Property & Casualty Insurance Company that an automobile liability policy issued by State Farm to Ziesing covered the driver of an automobile involved in an accident. Because we agree with appellants that the declaratory judgment was not authorized, it is hereby vacated;

---

appellants' argument pertaining to the merits of the ruling is not reached; and the case is remanded for entry of a dismissal order.

On April 12, 1999, an automobile accident involving vehicles driven by Donald Pelham and Jodie Gilbert resulted in Gilbert's death. Pelham and his wife filed claims of personal injury and loss of consortium, respectively, against Gilbert's estate. At the time of the accident, Gilbert was driving a vehicle that belonged to her friend; Ziesing was Gilbert's stepfather and had a personal automobile liability policy with Metropolitan.

During the pendency of the Pelhams' lawsuit, Metropolitan filed a separate action for a declaratory judgment. In its petition, Metropolitan stated that it had issued a personal automobile liability policy to Ziesing, which policy was in full force and effect and insured Gilbert and the vehicle she was driving at the time of the accident. It further alleged that Nationwide Insurance Company had issued an insurance policy under which Nationwide had "primary liability insurance coverage" for Gilbert at the time of the accident.[1] And Metropolitan alleged that State Farm had issued a policy of automobile liability insurance to Ziesing that provided "excess coverage" for Gilbert in the accident, but State Farm had denied coverage. Metropolitan sought a ruling that, contrary to State Farm's position, "State Farm ... has liability coverage for the decedent, Jodie Gilbert, and for the accident, which is the subject matter of [the Pelhams' lawsuit]."

State Farm answered that Metropolitan was not entitled to a declaratory judgment, stating, among its defenses, that Metropolitan was impermissibly

> seeking an adjudication of [State Farm's] duty to defend and indemnify, not its own, and in fact [Metropolitan] herein has admitted its duty to defend and indemnify and has admitted that it is primary with regard thereto, and State Farm has in fact denied coverage for this occurrence, has chosen its course of action, and all matters concerning State Farm can be fully adjudicated once the rights of the underlying plaintiffs have been decided, and [Metropolitan] is faced with absolutely no uncertainty of choice or no course of action that it might or might not take to its detriment sufficient to warrant declaratory relief.

---

[1] Metropolitan named and served numerous defendants, including State Farm, Ziesing, and the Pelhams. Although Nationwide was among those named, the record does not show it was served.

Metropolitan filed a motion for summary judgment, stating that its insured, Gilbert's mother as the administrator of Gilbert's estate, had been sued by the Pelhams. It further stated that it had not denied coverage to Gilbert's mother, but State Farm had denied coverage. Citing evidence allegedly showing that on the date of the accident, the State Farm policy covered Gilbert in the accident, Metropolitan claimed it was "seeking specific relief as to whether or not State Farm should also provide a defense to [Gilbert's mother] and should also pay a judgment. . . . State Farm is exposed to uncertainty with regard to its duty to defend and with regard to its duty to pay any judgment." In addition, Metropolitan claimed that it needed to know "how much coverage is available to the defense of [its insured, Gilbert's mother]," posing the question,

> [I]f [the Pelhams] demand[ ] a settlement amount in excess of the Metropolitan policy, but not in excess of the policy limits of Metropolitan and State Farm, then how does Metropolitan make a reasonable assessment of whether to pay said demand and not subject its insured to an excess verdict and itself to penalties and damages for bad faith in not properly settling a claim[?]

State Farm countered that it was entitled to summary judgment, reiterating that Metropolitan's action was not a proper subject matter for declaratory relief because Metropolitan was not seeking guidance as to its own liability, but was seeking a determination whether another insurance company may also be liable. In addition, State Farm argued that Metropolitan's motion should be denied, citing evidence it claimed showed that Gilbert was not covered under its policy.

The trial court denied State Farm's motion and entered a declaratory judgment that the State Farm policy afforded coverage to Gilbert in connection with the accident and that State Farm must therefore defend Gilbert's estate against the Pelhams' lawsuit.

1. Appellants State Farm and Ziesing contend that the declaratory judgment was not authorized. We agree.

"While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy."[2]

---

[2] *Mayor of Athens v. Gerdine*, 202 Ga. 197 (1) (42 SE2d 567) (1947); see also *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277-278 (390 SE2d 269) (1990), aff'd, 260 Ga. 203 (391 SE2d 649) (1990); OCGA § 9-4-2.

(I)n order to be entitled to a declaratory judgment the plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.[3]

Metropolitan showed no such facts or circumstances here. It is undisputed that State Farm has denied coverage in the Pelhams' lawsuit. And Metropolitan has conceded in its petition below and in its brief on appeal[4] that it is obligated to defend the personal injury action against Gilbert's estate pursuant to a personal automobile liability policy it issued to Ziesing.

Therefore, since [Metropolitan] has a duty to defend [Gilbert's estate] in any event, and since the amount as well as the existence of its liability in this regard is one of the issues to be determined in the tort action, [Metropolitan] does not . . . show a present state of facts that an adjudication of its rights prior to the trial of the tort action is necessary to relieve it from the risk of taking undirected action which, without such direction, would jeopardize its interests.[5]

Moreover, the question Metropolitan posed concerning its duty to negotiate a settlement demand that exceeds the Metropolitan policy limits failed to demonstrate sufficient uncertainty or insecurity to authorize a declaratory judgment in light of *Cotton States Mut. Ins. Co. v. Brightman.*[6] There, the Supreme Court of Georgia reiterated that "[a]n insurance company may be liable for the excess judgment entered against its insured based on the insurer's bad faith or negligent refusal to settle a personal claim within the policy limits."[7] Further, the Court held that, in cases involving multiple insurers, an

---

[3] *Eberhardt v. Unigard Mut. Ins. Co.,* 142 Ga. App. 102, 103 (235 SE2d 616) (1977) (punctuation omitted).

[4] E.g., Metropolitan states, "Metropolitan is the insurer of Defendant, [Gilbert's mother], Administrator of the Estate of Jodie Gilbert, in said [Pelhams' lawsuit]. . . . Metropolitan has provided a defense to the Estate of Jodie Gilbert and, by way of this declaratory judgment, has called the question of whether or not State Farm should, likewise, provide a defense in that lawsuit."

[5] *United States Fidelity &c. Co. v. Watson,* 106 Ga. App. 748, 752 (1) (128 SE2d 515) (1962); see generally *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530, 531 (114 SE2d 389) (1960).

[6] 276 Ga. 683 (580 SE2d 519) (2003).

[7] Id. at 684 (1).

insurance company may be liable to its insured on a bad faith claim when it fails to tender its policy limits in response to a settlement offer *solely* because the offer also seeks the policy limits from other insurers.[8] Concerning an insurance company's duty to settle, the Court provided the following guidance:

> [W]e disapprove of . . . placing an affirmative duty on the company to engage in negotiations concerning a settlement demand that is *in excess of the insurance policy's limits*. We are also unwilling to ascribe a duty to insurers to make a counteroffer to every settlement demand that involves a condition *beyond their control*. Instead, we conclude that an insurance company faced with a demand involving multiple insurers can create a safe harbor from liability for an insured's bad faith claim . . . by meeting the portion of the demand over which it has control, thus doing what it can to effectuate the settlement of the claims against its insured. This rule is intended to protect the financial interests of policyholders in cases where continued litigation would expose them to a judgment exceeding their policy limits while protecting insurers from bad faith claims when there are conditions involved in the settlement demand over which they have no control.[9]

Because Metropolitan failed to show entitlement to a declaratory judgment, its petition should have been dismissed.[10] The cases cited by Metropolitan do not lead to a contrary result.[11] The declaratory judgment in this case is hereby vacated, and the case is remanded for entry of a dismissal order.

2. In light of our ruling in Division 1, we do not reach appellants' contention that the evidence did not authorize the trial court to grant Metropolitan's motion for summary judgment.

---

[8] Id.

[9] Id. at 687 (2) (emphasis supplied).

[10] See *Eberhardt*, supra (where plaintiff insurer was obligated to defend the tort actions against its insured regardless of whether it was found to be a primary or merely an excess carrier, no such immediacy of choice was imposed upon it as to justify an action for declaratory judgment); *United States Fidelity &c. Co.*, supra.

[11] E.g., *Atkinson v. Atkinson*, 254 Ga. 70, 73 (1) (326 SE2d 206) (1985); *A. Atlanta AutoSave, Inc. v. Generali – U. S. Branch*, 230 Ga. App. 887, 887-889 (1) (498 SE2d 278) (1998), aff'd, 270 Ga. 757 (514 SE2d 651) (1999); *Home v. Great American Ins. Co.*, 109 Ga. App. 24, 27 (134 SE2d 865) (1964) (no challenge was made that a declaratory judgment was not authorized and case did not turn on whether the issue presented was proper for declaratory judgment). See generally *Southern Gen. Ins. Co. v. Crews*, 253 Ga. App. 765, 767 (560 SE2d 331) (2002) (recognizing that where petition for a declaratory judgment action fails to show a justiciable controversy, it should be dismissed).

*Judgment vacated and case remanded with direction. Smith, P. J., and Ruffin, J., concur.*

DECIDED MARCH 22, 2007.

*John T. Croley, Jr.,* for appellants.

*Watson, Spence, Lowe & Chambless, John M. Stephenson, Jesse G. Bowles III, Clarence M. Mullin, Ben B. Philips,* for appellees.