67715. BONNEY MOTOR EXPRESS, INC. v. YATES et al.

POPE, Judge.
Plaintiff Bonney Motor Express, Inc. brought this action against defendant Joseph Gordon Yates seeking recovery of property damage and punitive damages stemming from a collision between Yates' automobile and a trailer unit owned by plaintiff. The complaint was later amended to add Wade Ford, Inc. as a party defendant under the theories of respondeat superior and negligent entrustment. Following pretrial discovery, the trial court granted Wade Ford's motion for summary judgment and this appeal by plaintiff ensued.

1. The evidence of record shows that the automobile driven by Yates at the time of the collision was owned by Yates' employer, Wade Ford. The automobile was a "demonstrator" which was provided to Yates as a part of his compensation as a salesman for Wade Ford. The evidence also shows that at the time of the collision, Yates and his date were en route from a bar to an undetermined location to get something to eat. The collision occurred in the wee morning hours of Saturday, April 3, 1982, several hours after Yates had left his place of employment. This uncontradicted evidence was sufficient to rebut the presumption, which arose due to Wade Ford's ownership of the subject automobile, that Yates was acting in the scope of his employment at the time of the collision. Under this circumstance, "the plaintiff must show, in addition to the facts which give rise to the presumption that [the employee (Yates)] was in the course of his employment, some other fact which indicates the employee was acting within the scope of his employment. If this 'other fact' is *direct* evidence, that is sufficient for the case to go to a jury. However, when the 'other fact' is *circumstantial* evidence, it must be evidence sufficient to support a verdict in order to withstand the defendant's motion for summary judgment. . . . [C]ircumstantial evidence which could be taken as *inconsistent* with the direct, positive testimony is sufficient to get the case to a jury. However, the rule where the circumstantial evidence is *consistent* with the direct, positive testimony

is different. 'Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.' [Cit.]" *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 780-781 (257 SE2d 186) (1979).

Plaintiff cites no direct evidence but cites the following circumstantial evidence in support of its contention that a jury question remains on the issue of respondeat superior: (1) Yates had unrestricted authority to solicit prospective purchasers; (2) the manufacturer's price list was still affixed to the inside window of the subject automobile; (3) the vehicle had a "drive-out tag" identifying the name of the dealership, Wade Ford; and (4) during a conversation with a friend at the bar shortly before the collision, Yates described the subject automobile as "loaded" and "plush." In our view, this evidence is not inconsistent with the other evidence cited above that Yates was not acting within the scope of his employment at the time of the collision. See *Allen Kane's Major Dodge v. Barnes*, supra at 781. See also *Collins v. Everidge*, 161 Ga. App. 708 (1) (289 SE2d 804) (1982). "We find that not only does this circumstantial evidence not *demand* a finding for the plaintiff on the issue, it constitutes a 'mere inconclusive inference' and thus is insufficient to get plaintiff by defendant's [Wade Ford's] motion for summary judgment on that question." *Allen Kane's Major Dodge, Inc. v. Barnes*, supra at 781. Plaintiff's allegations that Yates has been impeached is not supported by the evidence of record. See generally OCGA § 24-9-83. Compare *Ed Sherwood Chevrolet v. McAuley*, 164 Ga. App. 798, 803 (298 SE2d 565) (1982).

2. As to the issue of negligent entrustment, however difficult it may have been for plaintiff to demonstrate Yates' incompetency as a driver, it was incumbent upon plaintiff to show that Wade Ford had actual knowledge of a pattern of reckless driving or facts from which such knowledge could reasonably be inferred. *Saunders v. Vikers*, 116 Ga. App. 733 (7) (158 SE2d 324) (1967). Our review of the record reveals no evidence whatsoever that Wade Ford had any knowledge of Yates' driving record. "Further, the Georgia law does not impose the duty upon the owner of an automobile to make investigation of the competency of one who drives his car and to discover his 'reputation' as a driver in order to avoid being negligent if it should subsequently be determined that the driver indeed had a reputation for recklessness and incompetency in driving." *Hines v. Bell*, 104 Ga. App. 76, 82 (120 SE2d 892) (1961); *Thomason v. Harper*, 162 Ga. App. 441 (2) (289 SE2d 773) (1982). Therefore, the trial court properly granted

Wade Ford's motion for summary judgment on the issue of negligent entrustment. See *Collins v. Everidge,* supra at (2).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1984 —
REHEARING DENIED JULY 25, 1984 —

*John J. Capo,* for appellant.
*Richard L. Ormand,* for appellees.