73854. COTTON et al. v. TOOLE et al.
(359 SE2d 368)

BENHAM, Judge.

Appellant Larry Cotton was injured in an automobile collision involving appellees' decedent, John Toole. Cotton and his wife filed suit against appellees James Toole and First National Bank of Atlanta, the executors of the will of John Toole, and against appellee Captain's Roost Seafood Restaurant, Inc., the owner of the automobile the decedent was driving at the time of the collision. This appeal is from the grant of summary judgment to appellee Captain's Roost Seafood Restaurant.

Appellants' complaint against Captain's Roost was couched in terms of respondeat superior and negligent entrustment. The trial court found neither theory viable and dismissed appellants' claims against the restaurant.

It is undisputed that on the day of the collision, the decedent, the owner and president of Captain's Roost, played golf and consumed alcohol. He departed the golf course driving the automobile owned by Captain's Roost along a route that would have taken him by the restaurant on his way home. Before getting to the restaurant or his home, the decedent's car collided with that driven by appellant Larry Cotton. The decedent's blood alcohol test results varied from .17 to .19.

1. "The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. [Cits.] 'Where a vehicle is involved in a collision, and it is

shown that the automobile is owned by [another], and that the opera-
tor of the vehicle is in the employment of [the owner], a presumption
arises that the employee was in the scope of his employment at the
time of the collision, and the burden is then on the defendant em-
ployer to show otherwise.' [Cits.] This must be done by clear, positive
and uncontradicted evidence. [Cit.]" *Allen Kane's &c. Dodge v.
Barnes*, 243 Ga. 776, 777 (257 SE2d 186) (1979). In the case at bar,
appellee Captain's Roost presented the deposition testimony of one of
the decedent's golfing foursome, who stated that while socializing af-
ter their round of golf, the decedent had told him he was going home.
Even disregarding, for the moment, the hearsay nature of appellees'
evidence, we cannot say the testimony is "*clear, positive*, and *uncon-
tradicted* evidence that, at the time of the actual collision, [the dece-
dent] was not acting within the scope of [his] employment, but was
instead engaged in [a] personal matter. . . ." *Curtis, Inc. v. Kelley*,
167 Ga. App. 118, 119 (305 SE2d 828) (1983). (Emphasis supplied.)
Because the employee/driver died as a result of the collision, there is
no direct evidence concerning his activity at the time of the collision.
Because the decedent was also the only person who could conduct
corporate business on behalf of Captain's Roost, the record contains
no statement from the employer concerning the nature of the dece-
dent's activity at the time of the fatal crash. Compare *Curtis, Inc. v.
Kelley*, supra; *Allen Kane's &c. Dodge v. Barnes*, supra; *Bonney Mo-
tor Express v. Yates*, 171 Ga. App. 754 (1) (320 SE2d 844) (1984);
*W. M. W., Inc. v. Collier*, 170 Ga. App. 882 (318 SE2d 747) (1984).
Since the record contains no clear, positive and uncontradicted evi-
dence that the decedent was not engaged in an activity within the
scope of his employment, appellee Captain's Roost did not rebut the
presumption that the decedent was in the scope of his employment at
the time of the collision. Therefore, summary judgment in favor of
Captain's Roost on the theory of respondeat superior was inappropri-
ate.

2. "Under the theory of negligent entrustment, liability is predi-
cated not on the doctrine of respondeat superior but on a negligent
act of the owner in lending his automobile to another to drive, with
actual knowledge that the driver is incompetent or habitually reck-
less, and this negligence must concur, as a part of the proximate
cause, with the negligent conduct of the driver on account of his in-
competency and recklessness. [Cits.]" *Cherry v. Kelly Svcs.*, 171 Ga.
App. 235 (1) (319 SE2d 463) (1984). Assuming without deciding that
the corporate owner of the car might be held liable for negligent en-
trustment by decedent, who, acting on behalf of the corporation, en-
trusted the car to himself, "it was incumbent upon [appellants] to
show that [Captain's Roost] had actual knowledge of a pattern of
reckless driving or facts from which such knowledge could reasonably

be inferred. [Cit.]" *Bonney Motor Express v. Yates*, supra, Division 2. The record is devoid of any evidence that the entruster of the vehicle actually knew of the decedent/entrustee's state of intoxication at the time of the entrustment. The record also contains no evidence (e.g., the decedent's driving record) from which knowledge of a pattern of reckless driving could be inferred. Therefore, the trial court properly granted Captain's Roost's motion for summary judgment on the issue of negligent entrustment.

*Judgment affirmed in part and reversed in part. Banke, P. J., concurs. Carley, J., concurs in Division 1 and in the judgment.*

DECIDED JUNE 18, 1987 —
REHEARINGS DENIED JULY 6, 1987 —

*William L. Skinner*, for appellants.
*Ben Kingree III, Elizabeth J. Bondurant*, for appellees.