## 75851. GILL PLUMBING COMPANY, INC. v. MACON.
### (370 SE2d 657)

BENHAM, Judge.

Appellant Gill Plumbing Company, Inc., was the owner of the vehicle involved in a one-vehicle collision in which appellee's wife died and Gill Plumbing employee Teffeteller was injured. Appellee filed a wrongful death action against appellant, and based his cause of action on the theories of respondeat superior and negligent entrustment. The trial court denied appellant's motion for summary judgment, and we granted appellant's application for interlocutory review of that ruling.

1. " 'The general rule of respondeat superior follows: When a servant causes an injury to another, the test to determine if the master is liable is whether or not the servant was at the time of the injury acting within the scope of his employment and on the business of the master. "Where a vehicle is involved in a collision, and it is shown that the automobile is owned by (another), and that the operator of the vehicle is in the employment of (the owner), a presumption arises that the employee was in the scope of his employment at the time of the collision, and the burden is then on the defendant employer to show otherwise." This must be done by clear, positive, and uncontradicted evidence. [Cits.]' " *Cotton v. Toole*, 183 Ga. App. 547 (1) (359 SE2d 368) (1987). " '[T]he presumption that the servant is serving his master within the scope of his employment may, unless supported and corroborated by other evidence, be overcome by uncontradicted evidence.' [Cit.]" *Allen Kane's &c. Dodge v. Barnes*, 243 Ga. 776, 778 (257 SE2d 186) (1979).

While it is unclear whether the decedent or Teffeteller, appellant's employee, was driving appellant's vehicle at the time of the collision, we will assume, for purposes of appellant's motion for summary judgment, that its employee was behind the wheel. See *Eiberger v. West*, 247 Ga. 767 (1a) (281 SE2d 148) (1981). It is undisputed that the fatal collision occurred at 1:30 a.m. while the decedent and Teffeteller were driving home from a bar where they had gone with friends.

In an attempt to carry its burden of refuting the presumption that its employee was in the scope of his employment at the time of the collision, appellant submitted the affidavits of George and Patrick Gill, the officers and co-owners of Gill Plumbing. The Gills' depositions were filed subsequently. George Gill swore that Teffeteller was

under his direct supervision and control, and both Gills stated that Teffeteller had authority to drive the Gill Plumbing vehicle for employment purposes and during working hours only; that Teffeteller was not subject to on-call status; and that Teffeteller was not acting within the course and scope of his employment at the time of the collision. By deposition, Patrick Gill testified that a vehicle was assigned to Teffeteller in order that he, as a job superintendent, might drive directly to a job site from his home without having to stop at Gill Plumbing's office. Gill stated that he told Teffeteller when he gave him the vehicle's keys that it was to be driven only for work purposes. George Gill testified that he brought the ban against driving company vehicles for personal use to the attention of the job superintendents at his weekly meetings with them.

The affidavits and deposition testimony of the Gills are "clear, positive, and uncontradicted evidence" that overcomes the presumption, arising from the fact that he was driving his employer's vehicle at the time of the collision, that Teffeteller was acting within the scope of his employment. Appellee maintains that the Gills' affidavits and depositions are "inconclusive, contradictory, and self-impeaching," and do not constitute the clear, positive, and uncontradicted evidence necessary to refute the presumption. However, the only contradiction found between affidavits and depositions concerning the issue of respondeat superior is the Gills' admission in their depositions that they did not have actual knowledge that the decedent was driving the Gill Plumbing truck, an assertion they had made earlier in their affidavits. Inasmuch as we, on appellant's motion for summary judgment, have resolved that issue of fact in favor of appellee, we do not find that "inconsistency" to amount to evidence that would prevent summary judgment in favor of appellant on the issue of respondeat superior. Compare *Cotton v. Toole*, supra.

Because Teffeteller was on a purely personal mission at the time in question, appellee had to show some other fact indicating Teffeteller was acting within the scope of his employment in order to survive appellant's motion for summary judgment. *Divecchio v. Mead Corp.*, 184 Ga. App. 447 (2) (361 SE2d 850) (1987). He did not do so. Therefore, summary judgment in favor of appellant on the issue of respondeat superior should have been granted.

2. We now turn our attention to appellee's allegation of negligent entrustment. "Under the theory of negligent entrustment, 'liability is predicated not on the doctrine of respondeat superior but on a negligent act of the owner in lending his [vehicle] to another to drive, with actual knowledge that the driver is incompetent or habitually reckless, and this negligence must concur, as a part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness. [Cits.]' " *Cherry v. Kelly Svcs.*, 171 Ga.

App. 235 (1) (319 SE2d 463) (1984). "As to the issue of negligent entrustment, . . . it was incumbent upon plaintiff to show that [Gill Plumbing] had actual knowledge of a pattern of reckless driving or facts from which such knowledge could reasonably be inferred. [Cit.]" *Bonney Motor Express v. Yates*, 171 Ga. App. 754 (2) (320 SE2d 844) (1984).

In their affidavits, each Gill swore that only he and his brother determined whether Teffeteller would use a Gill Plumbing vehicle; that he had no knowledge of any alleged alcohol abuse or driving history problem Teffeteller might have had; and that no information concerning such alleged problems was ever communicated to the affiant. By deposition, the Gills both testified that each had ridden with Teffeteller and had experienced no problem; that neither had reviewed Teffeteller's driving record; that George Gill had never seen Teffeteller's driver's license but Patrick Gill had; that Gill Plumbing's insurance company advised who might and might not drive company vehicles and Teffeteller had never been excluded; and that George relied on the insurance company to determine who could drive company vehicles. Each Gill repeated the statements in his affidavit that he was unaware of any drinking problem that Teffeteller might have had.

Through the sworn statements and testimony of the Gills, appellant proved it had no actual knowledge of Teffeteller's purported problems. In an effort to set forth facts from which it could be inferred that appellant had knowledge of Teffeteller's alleged reckless driving, appellee submitted an uncertified printout of Teffeteller's driving history, dated December 18, 1986. The incidents contained in the printout, however, occurred after the August 1984 collision presently at issue. Appellee's evidence does not present a question of fact concerning appellant's knowledge of a pattern of reckless driving by Teffeteller.

Appellee suggests that we follow the lead of the decision rendered by this court in *Lear Siegler, Inc. v. Stegall*, 184 Ga. App. 27 (360 SE2d 619) (1987), and do away with the requirement that an entruster have actual knowledge of a pattern of recklessness before being held potentially responsible for negligent entrustment. *Lear Siegler*, however, was a case involving the tort of negligent hiring wherein this court overruled an aberration in the line of negligent hiring cases. Furthermore, a plaintiff in a negligent entrustment action is not limited to showing actual knowledge of the entruster inasmuch as that plaintiff may show "actual knowledge of a pattern of reckless driving *or facts from which such knowledge could reasonably be inferred.*" *Bonney Motor Express v. Yates*, supra. It would appear that a negligent entrustment plaintiff could show, as appellee attempted, knowledge on the part of the entruster by presenting facts from which

it could reasonably be inferred that the entruster knew of the driver's poor driving habits or skills. In the case at bar, appellee failed to present such facts after appellant had successfully carried its burden of proving it had no actual knowledge. The trial court erred in denying summary judgment to appellant on the issue of negligent entrustment.

Appellee would have us impose a duty upon employers to inquire into the background of an employee who the employer intends to place in a position that requires driving. While the writer agrees that such a duty should be imposed in a negligent *hiring* care (see dissent in *Lear Siegler v. Stegall*, supra), it would be unduly burdensome to impose the same duty in a case involving negligent *entrustment* in light of the more casual, immediate (spur of the moment), and short-term relationship that may exist between an entruster and entrustee as compared to that which exists between an employer and an employee hired to perform driving duties.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JUNE 9, 1988.

*A. Terry Sorrells, Cheri D. McLeod*, for appellant.
*David W. Hibbert*, for appellee.