A90A0749. WORTHEN et al. v. WHITEHEAD.
(396 SE2d 595)

CARLEY, Chief Judge.

Appellant-plaintiff Keasha Worthen, the minor child of appellant-plaintiff Gwendolyn Worthen, was struck by an automobile owned by appellee-defendant Cynthia Whitehead and driven by John Bramlett. Appellants brought this tort action, premising appellee's asserted liability upon the theory of negligent entrustment of the automobile to Bramlett. Appellee's motion for summary judgment was granted by the trial court and appellants appeal from that order.

"Under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with *actual* knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness. [Cits.]" (Emphasis supplied.) *Gunn v. Booker*, 259 Ga. 343, 347 (2) (381 SE2d 286) (1989). In support of her motion, appellee produced evidence showing that, prior to lending her automobile to Bramlett, she had no actual knowledge of his incompetency to operate a motor vehicle. In opposition, "[appellants] made no showing, even circumstantially, that [appellee] had actual knowledge that [Bramlett] was a reckless and incompetent driver. [Cits.] It was incumbent upon [appellants], in opposing [appellee's] motion for summary judgment, to show that [appellee] had 'actual knowledge of a pattern of reckless driving or facts from which such knowledge could be reasonably inferred in order to preserve the issue for jury determination.' [Cit.]" *May v. Phillips*, 157 Ga. App. 630, 631 (2) (278 SE2d 172) (1981).

Contrary to appellants' assertions, the fact that appellee made no direct inquiry of Bramlett is not material to her liability. OCGA § 40-5-122 "requires evidence that the defendant-entrustor knew that the driver was unauthorized to operate an automobile but does not require that the defendant-entrustor demand proof of licensing. [Cit.] [Likewise,] [i]n a common law negligent entrustment case, 'Georgia law does not impose the duty upon the owner of an automobile to make investigation of the competency of one who drives his car and discover his "reputation" as a driver in order to avoid being negligent if it should subsequently be determined that the driver indeed had a reputation for recklessness and incompetency in driving.' [Cit.]" *Thomason v. Harper*, 162 Ga. App. 441, 447-448 (2) (289 SE2d 773) (1982). See also *Gill Plumbing Co. v. Macon*, 187 Ga. App. 481, 482 (2) (370 SE2d 657) (1988); *Bonney Motor Express v. Yates*, 171 Ga. App. 754, 755 (2) (320 SE2d 844) (1984).

The evidence adduced in support of appellee's motion pierced the pleadings and appellants failed to come forward with specific facts to establish the existence of a genuine issue of material fact for

jury resolution. The trial court, therefore, correctly granted summary judgment in favor of appellee. *May v. Phillips*, supra.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Burge & Wettermark, Michael J. Warshauer,* for appellants.
*Harper, Waldon & Craig, Thomas D. Harper,* for appellee.