A94A2383. ALAMO RENT-A-CAR, INC. v. HAMILTON et al.

(455 SE2d 366)

Pope, Presiding Judge.

Plaintiffs, Alice B. Hamilton and her husband, Billy C. Hamilton, sued defendants, Thomas Caine, Betty James, Otis Grant and Alamo Rent-A-Car, Inc., after Alice Hamilton was injured in an automobile collision. Alamo appeals from the trial court's denial of its motion for summary judgment.

The evidence in this case, construed in a light most favorable to plaintiffs, demonstrates the following: On February 20, 1991, Alice Hamilton was struck by a car driven by Grant. Grant was charged with driving under the influence, driving left of the centerline and with having no driver's license or proof of insurance. He subsequently was convicted, for the third time in five years, of driving under the influence. As a result of the collision, Mrs. Hamilton suffered numerous injuries, including a compound fracture of her right leg.

The car that Grant was driving at the time of the collision was owned by Alamo. Two days before the collision, Alamo had rented the car to Caine, who testified that the car was rented for James to use to go back and forth to work. Although James could not rent the car herself because she did not have a credit card, it is undisputed that she was listed on the Alamo Rental Agreement (Agreement) as an additional authorized driver. At the time Caine rented the car, Alamo did not check Caine's or James' driving records. Alamo also did not verify whether Caine had liability insurance. However, the record shows that Alamo did offer "spot" insurance to Caine, who decided only to purchase a collision damage waiver. Moreover, the record shows that Caine did have liability insurance of his own when he rented the car. Although Grant was not an authorized driver under the Agreement, on the day of the incident, James apparently gave Grant permission to use the car. Caine testified that he never authorized Grant to drive the car, and did not even know Grant at the time of the collision. Nothing in the record indicates that Alamo knew Grant would be driving the car.

Plaintiffs filed their original complaint for damages and loss of consortium on June 17, 1991. In that complaint, plaintiffs alleged that

Alamo was liable to them because it owned the car that struck Alice Hamilton, and it negligently entrusted the car to Caine and James without inquiring into their driving records or determining the purpose for which the car would be used. Plaintiffs later amended their complaint to include additional allegations of negligent entrustment based on Alamo's failure to verify whether Caine and James had liability insurance or otherwise require them to purchase "spot" insurance pursuant to OCGA § 40-9-102. Alamo answered, denying any liability, and subsequently filed a motion for summary judgment. The trial court denied Alamo's motion and we granted Alamo's application for interlocutory review. In its sole enumeration, Alamo contends that the trial court erred in denying Alamo's summary judgment motion. We agree.

In Georgia "[o]wnership of a vehicle alone is not sufficient to establish an owner's liability. [Cits.]" *Grant v. Jones*, 168 Ga. App. 690, 691 (310 SE2d 272) (1983). There must be more, such as a master-servant or agency relationship. See *Cotton v. Toole*, 183 Ga. App. 547-548 (1) (359 SE2d 368) (1987); *Shmunes v. Gen. Motors Corp.*, 146 Ga. App. 486, 488 (3) (246 SE2d 486) (1978). Although it is undisputed in this case that no master-servant or agency relationship is present, when Alamo rented the car to Caine a bailment was created. See *Hertz Driv-Ur-Self Stations v. Benson*, 83 Ga. App. 866 (65 SE2d 191) (1951). An owner/bailor may be held liable for negligent entrustment of a vehicle premised upon general tort or statutory grounds. See *Medlock v. Barfield*, 90 Ga. App. 759, 760 (84 SE2d 113) (1954); see also OCGA § 44-12-63; *Hertz*, supra, 83 Ga. App. at 874. However, under the facts of this case, no such liability exists. "[L]iability [for negligent entrustment] flows from the negligent act of the owner permitting another to drive [its] vehicle when the owner knows the driver to be either incompetent or habitually reckless. . . ." (Citations omitted.) *Chrostowski v. G & MSS Trucking*, 198 Ga. App. 140, 143 (3) (401 SE2d 53) (1990). Moreover, to recover under this theory, an owner's " 'negligence must concur, as part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness.' " *Cotton v. Toole*, supra, 183 Ga. App. at 548 (2). In this case, no such concurrence exists. Any negligence on Alamo's part in failing to inquire as to Caine's or James' driving records or their intended use for the vehicle was superseded here by the unauthorized criminal acts of Grant.

Plaintiffs are correct in their contention that under OCGA § 40-9-102 Alamo had a duty to either verify that the person it rented the car to (Caine) had his own liability insurance or otherwise require said person to purchase "spot" liability insurance before turning the car over to him. See *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450-451 (419 SE2d 489) (1992). However, in this case, Alamo's

failure to comply with OCGA § 40-9-102 was not the cause of any harm to plaintiffs. The mandate of OCGA § 40-9-102 "is in the nature of a bond to guarantee the public against damages by some irresponsible renter of a car of the U-Drive-It." *Continental Cas. Co. v. Owen*, 90 Ga. App. 200, 209 (2) (82 SE2d 742) (1954). Its purpose is not specifically to prevent tortious acts by the operators of rental vehicles, but rather to assure that such operators are not uninsured. In this case there is uncontradicted record evidence that at the time Caine rented the car he did in fact have liability insurance of his own. Moreover, under the express terms of the Agreement, Alamo also provided Caine with "liability insurance that [covered] bodily injury, death, or property damage . . . up to the minimum requirements of State law." Additionally, there is unrefuted record evidence that Alamo also maintained liability insurance on the car as required by Section 33-34-4 of the Georgia Motor Vehicle Accident Reparations Act. Consequently, the object of OCGA § 40-9-102 has been met in this case. See *Rabinovitz v. Accent Rent-A-Car*, 213 Ga. App. 786, 788-789 (446 SE2d 244) (1994) (McMurray, P. J., concurring specially).

In light of the above, we hold that the trial court erred in denying summary judgment to Alamo because there is no genuine issue of material fact left to be resolved regarding any of plaintiffs' claims against it.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 15, 1995.

*Parker, Johnson, Cook & Dunlevie, William C. Tinsley II, Christopher W. Derrick*, for appellant.

*Johnny W. Mason, Jr., Cuffie & Smith, Thomas F. Cuffie, Edward M. Fitts*, for appellees.