A01A1440. JORDAN v. SPIRIT RENT-A-CAR.
(555 SE2d 734)

ELLINGTON, Judge.

Kevin W. Jordan appeals the trial court's order granting summary judgment in favor of Spirit Rent-a-Car d/b/a CarTemps, USA in this insurance coverage declaratory judgment action. For the reasons which follow, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may meet its burden on a motion for summary judgment by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review is de novo, and we view

the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *White v. BDO Seidman, LLP*, 249 Ga. App. 668, 669 (549 SE2d 490) (2001).

Viewed in the light most favorable to Jordan, the evidence shows the following facts: On May 24, 1999, Jordan was injured in a car wreck. He filed suit against Melanie Loumakis, the driver of the car in which he was a passenger, and Jackson St. Juste, the driver of the other car. At the time of the accident, St. Juste was driving a car another man, Jean Joseph, had rented from CarTemps while his own car was in a repair shop. Joseph carried a car policy with State Farm Fire & Casualty Company which provided liability coverage for a "temporary substitute car," that is, a car used while the insured's car is out of service. Jordan brought suit against St. Juste and Loumakis, the driver of the vehicle in which Jordan was a passenger. State Farm filed this declaratory judgment action seeking a determination of whether Joseph's State Farm policy provides any coverage for St. Juste's use of the rental car and whether any such coverage is primary or excess relative to any coverage provided by CarTemps.

Joseph's State Farm policy covered any person using the rental car with the consent of Joseph or his spouse. The parties dispute whether Joseph or his spouse consented to St. Juste's use of the rental car. Thus, the issue of whether Joseph's State Farm policy provides coverage for Jordan's loss remains for jury resolution.

The CarTemps rental agreement provided that the car could be operated only by the designated renter (Joseph), his spouse, or any other driver named as an additional authorized driver on the front of the agreement. There is no dispute that St. Juste was not listed as an additional driver on the front of the rental agreement.

CarTemps moved for summary judgment on three grounds: (1) CarTemps did not provide insurance on the car in question; (2) CarTemps cannot be held liable for the negligent acts of an unauthorized driver of its vehicles; and (3) if CarTemps could be liable for the acts of an unauthorized driver, OCGA § 40-9-102 and the rental agreement limited its liability to excess coverage and to the minimum amounts of automobile liability coverage allowed under Georgia law. The trial court granted CarTemps' motion for summary judgment without explanation.

1. Jordan contends Georgia law requires a car rental company to provide liability coverage for its vehicle if the innocent victim of a traffic mishap with a rental vehicle would otherwise be left without a remedy. In general, Georgia law requires all car owners to carry liability insurance. OCGA § 33-34-4. See *A. Atlanta AutoSave v. Generali — U. S. Branch*, 270 Ga. 757, 759-760 (2) (514 SE2d 651) (1999). Georgia law also requires a person renting a car from a "U-drive-it" car rental company "to provide his own insurance" or to obtain "spot"

insurance if he does not have liability insurance which will cover the rental. OCGA § 40-9-102. See *Continental Cas. Co. v. Owen*, 90 Ga. App. 200, 209 (2) (82 SE2d 742) (1954) ("spot insurance" is a specific policy on a particular car owned by a U-drive-it rented to a specific renter).

U-drive-it car rental companies are not exempt from their duty under OCGA § 33-34-4 to insure cars they own, but they enjoy special treatment in terms of priority of coverage on cars rented to the public under OCGA § 40-9-102. *Generali — U. S. Branch*, 270 Ga. at 759-760 (2); *Jones v. Wortham*, 201 Ga. App. 668, 670 (411 SE2d 716) (1991). See Jenkins & Miller, Ga. Auto. Ins. Law (2000 ed.), § 20-8, p. 237. Under OCGA § 40-9-102, the liability insurance coverage the renter provides is the primary liability coverage in the case of liability arising from the use of the rental car; the U-drive-it owner's liability insurance coverage is then secondary or excess. *Jones*, 201 Ga. App. at 670. OCGA § 40-9-102, "therefore, reverses the usual order of liability coverage inasmuch as the renter's coverage is primary and the owner's coverage is secondary." Jenkins & Miller, Ga. Auto. Ins. Law (2000 ed.), § 13-3, p. 157. The U-drive-it owner may waive the special treatment provided by OCGA § 40-9-102 by agreeing, in its contract with a renter, that its liability insurance will be primary. *Gen. Car & Truck Leasing System v. Woodruff*, 214 Ga. App. 200, 201-202 (1) (447 SE2d 97) (1994). But the U-drive-it owner may not contract away its obligation to carry liability insurance on its cars. *Generali — U. S. Branch*, 270 Ga. at 759-760 (2); *Jones*, 201 Ga. App. at 669.

In this case, there is no dispute that Joseph was covered by his State Farm liability policy when he left the CarTemps lot with the rental car. Therefore, CarTemps is not responsible for primary liability coverage under OCGA § 40-9-102. Cf. *Generali — U. S. Branch*, 270 Ga. at 759-760 (2). But CarTemps remains liable for excess coverage. Id. Therefore, the trial court erred in granting summary judgment to CarTemps.

2. CarTemps contends its coverage is limited to the minimum coverage allowed by law because the rental agreement provided that its liability would not exceed the required minimum coverage. We agree that its liability is limited to the statutory minimum but not for the reason given by CarTemps. The owner's liability exposure is not determined by the contract but by its liability insurance, in this case its self-insurance plan. *Nat. Svcs. Indus. v. Transamerica Ins. Co.*, 206 Ga. App. 337, 340 (2) (425 SE2d 327) (1992). In this case, it is undisputed that CarTemps' self-insurance plan defined its limits of liability as the "minimum responsibility limits required by law." At trial, CarTemps' liability exposure will be limited to the minimum required under Georgia law. See OCGA §§ 33-7-11; 40-9-1 et seq. See

also Jenkins & Miller, Ga. Auto. Ins. Law (2000 ed.), § 19-1, pp. 229-230.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 14, 2001 —
RECONSIDERATIONS DENIED OCTOBER 23, 2001 —

*Crowther & Green, James M. Green,* for appellant.
*Goodman, McGuffey, Aust & Lindsey, Edward H. Lindsey, Jr., Reginald L. Winfrey,* for appellee.