A02A1413. SCOTT et al. v. JOE THOMSON AUTO RENTAL & LEASING, INC.

(571 SE2d 475)

MILLER, Judge.

Zachary Scott's estate and children sued Joe Thomson Auto Rental & Leasing, Inc., Joseph LaRosa, and others for injuries Scott received in a collision with a vehicle owned by Auto Rental and leased to LaRosa. Plaintiffs complained that Auto Rental failed to offer and sell LaRosa "spot" insurance as required by law. Auto Rental moved for summary judgment, arguing that its failure to offer and sell the insurance did not proximately cause the collision. The trial court granted the motion, and plaintiffs appeal. The issue on appeal is whether Auto Rental's failure to require LaRosa to have liability insurance on the vehicle (in addition to Auto Rental's liability insurance) renders Auto Rental personally liable for the injuries caused by the collision. We hold that the failure to require the additional insurance did not proximately cause the accident and accordingly affirm summary judgment in favor of Auto Rental.

Construed in favor of the plaintiffs, the evidence showed that Auto Rental rented a car to LaRosa with only John Foster as an additional authorized driver. In violation of OCGA § 40-9-102, even though Auto Rental learned that LaRosa personally had no liability insurance covering the rental vehicle, it failed to require him to purchase "spot" liability insurance on the vehicle. However, Auto Rental itself had liability insurance on the vehicle through Empire Fire & Marine Insurance Company.

Despite the rental agreement's prohibition against unauthorized persons driving the vehicle, Foster apparently allowed this to happen, and the unauthorized driver (who was smoking marijuana at the time) collided with a motorcycle driven by Scott, causing serious injuries to Scott that resulted in his death. Scott's children and estate sued Auto Rental and others, alleging, inter alia, that Auto Rental's failure to require LaRosa to have liability insurance rendered Auto Rental liable for the injuries and death. Finding that Auto Rental's actions could not have proximately caused the damages at issue, the

court granted Auto Rental's motion for summary judgment, which plaintiffs appeal.[1]

1. Auto Rental's alleged negligence — namely that in violation of OCGA § 40-9-102 it failed to require LaRosa to carry liability insurance on the vehicle — did not contribute to causing the collision that injured and killed Scott. Thus, the trial court did not err in granting summary judgment to Auto Rental.

OCGA § 40-9-102 requires a rental car company to ensure that a renter has his own liability insurance on the vehicle or to offer the renter "spot" insurance, which shall be purchased by the renter before the rental car company may turn the vehicle over to the renter. See *Atlanta Rent-A-Car v. Jackson*, 204 Ga. App. 448, 450-451 (419 SE2d 489) (1992). Although the rental car company is not exempt from its duty under OCGA § 33-34-4 to insure the cars it owns, OCGA § 40-9-102 affords it special treatment in terms of priority of coverage. *Jordan v. Spirit Rent-A-Car*, 252 Ga. App. 117, 119 (1) (555 SE2d 734) (2001). "Under OCGA § 40-9-102, the liability insurance coverage the renter provides is the primary liability coverage in the case of liability arising from the use of the rental car; the U-drive-it owner's liability insurance coverage is then secondary or excess. [Cit.]" Id. However, failure by the rental car company to ensure the renter has coverage voids the exemption and causes the company's insurance coverage to become primary. OCGA §§ 40-9-102; 40-9-4; *A. Atlanta Autosave v. Generali — U. S. Branch*, 270 Ga. 757, 759-760 (2) (514 SE2d 651) (1999); see *Jones v. Wortham*, 201 Ga. App. 668, 670 (411 SE2d 716) (1991).

*Generali* explained the purpose of this statute:

> OCGA § 40-9-102 is plainly remedial. Its focus is not the effectiveness of the rental agency in ascertaining the renter's coverage, nor is its ultimate aim to sanction the rental agency for a less-than-diligent or unsuccessful effort in that regard. The obvious purpose of the statute is to protect the public against injury by an irresponsible renter of a U-drive-it vehicle. It does not do this by attempting to prevent tortious acts by the renter; it does not address such a problem, but rather assures that there is insurance coverage for the rental. That is the object of OCGA § 40-9-102.

(Citations omitted.) 270 Ga. at 759 (2).

---

[1] This is the second appellate decision in this action. The first arose out of a summary judgment granted to LaRosa's alleged employer on different grounds. See *Scott v. LaRosa & LaRosa, Inc.*, 253 Ga. App. 489 (559 SE2d 525) (2002).

Thus, where the rental car has injured plaintiffs, the rental car company's "failure to comply with OCGA § 40-9-102 was not the cause of any harm to plaintiff[s]." *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 661 (455 SE2d 366) (1995); see *Rabinovitz v. Accent Rent-A-Car*, 213 Ga. App. 786-787 (446 SE2d 244) (1994) (physical precedent only). The purpose of the statute "is not specifically to prevent tortious acts by the operators of rental vehicles, but rather to assure that such operators are not uninsured." *Alamo*, supra, 216 Ga. App. at 661. Where the rental car company has maintained liability insurance on the car as required by OCGA § 33-34-4, the object of OCGA § 40-9-102 has been met, for then the vehicle is covered by insurance even if the renter personally has no insurance. Id.; see *Generali*, supra, 270 Ga. at 760 (2).

As there is no proximate causal link between a renter's lack of personal insurance and a collision, rental car companies are entitled to summary judgment unless they are self-insured. Compare *Alamo*, supra, 216 Ga. App. at 661 (summary judgment to rental car company that maintained liability insurance), and *Rabinovitz*, supra, 213 Ga. App. at 787 (same), with *Generali*, supra, 270 Ga. at 758, n. 2, 760 (2) (self-insured rental car company not entitled to summary judgment), and *Jordan*, supra, 252 Ga. App. at 119 (1), (2) (same). Likewise, Auto Rental's failure to confirm that LaRosa had personal insurance did not cause the accident which injured Scott. Inasmuch as Auto Rental had liability insurance from Empire that covered the vehicle in question,[2] the purpose of OCGA § 40-9-102 was fulfilled, and the trial court did not err in granting summary judgment to Auto Rental.

2. Plaintiffs complain that the trial court relied on inadmissible evidence in granting summary judgment. Specifically, plaintiffs point to a reference in the summary judgment order that Foster gave the vehicle to the unauthorized driver in exchange for crack cocaine (information found only in a police report). The proximate cause analysis set forth in Division 1 above does not rely on this evidence in concluding that summary judgment was proper. "[A] grant of summary judgment is to be affirmed if it is right for any reason. . . ." (Punctuation omitted.) *Abellera v. Williamson*, 274 Ga. 324, 326 (2) (553 SE2d 806) (2001). This enumeration is therefore moot.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 18, 2002.

*Lester B. Johnson III*, for appellants.

---

[2] We do not address whether Auto Rental's policy with Empire covered the particular circumstances of this collision involving an unauthorized person driving the vehicle.

*Brennan & Wasden, Marvin W. McGahee, Carter & Ansley, Ben Kingree III*, for appellee.