**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**June 30, 2021**

# In the Court of Appeals of Georgia

A21A0093. PV HOLDING COMPANY v. POE et al.

GOBEIL, Judge.

In this negligence action arising out of an automobile collision, PV Holding Company (the owner of the rental car involved in the collision) appeals the trial court's denial of its motion to dismiss Brenda and Christian Poes' negligence claim against it.[1] On appeal, PV Holding contends that its alleged failure to provide "spot" insurance to Brenda has no causal connection to any of the Poes' injuries. For the reasons that follow, we agree and reverse.

---

[1] We granted PV Holding's application for interlocutory review. See Case No. A20I0206 (Apr. 9, 2020).

The following facts are undisputed. In 2016, Brenda was driving and Christian was a passenger in a rental car owned by PV Holding.[2] A car driven by uninsured defendant Darius Brownee and owned by defendant Zena Glover struck the Poes' rental car. The Poes sued Brownee and Glover, asserting several negligence-related causes of action and seeking damages for injuries and medical expenses attributable to the collision. In an amended complaint, the Poes also asserted a "negligence" claim against PV Holding.[3] The Poes alleged, in relevant part, that PV Holding negligently rented the car to Brenda — who was uninsured at the time she rented the vehicle — without providing the statutorily required "spot" insurance. Put another way, the Poes argued that, as a direct result of PV Holdings' negligently renting a car to Brenda without first ascertaining her insurance status, they suffered damages.

PV Holding moved to dismiss the claim against it for failure to state a claim, asserting that its alleged failure to provide insurance to Brenda was not the proximate cause of the Poes' injuries. The trial court denied the motion to dismiss, concluding

[2] The Poes alleged that PV Holding's trade name is Avis Budget Group, Inc., the American parent company of Avis Car Rental.

[3] The Poes served PV Holding with the original complaint on April 4, 2019. After filing their amended complaint naming PV Holding as a defendant, the Poes moved to add PV Holding as a party defendant. The trial court orally granted the motion at a hearing on December 23, 2019.

that PV Holding violated its obligations under OCGA §§ 33-34-4 and 40-9-102 by failing to ensure Brenda had the insurance necessary to rent the vehicle. The trial court subsequently certified its order for immediate review, we granted PV Holding's application for interlocutory review, and this appeal followed.

This Court reviews de novo a trial court's ruling on a motion to dismiss for failure to state a claim, "construing the pleadings in the light most favorable to the plaintiff and with any doubts resolved in the plaintiff's favor," *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 750 (751 SE2d 545) (2013) (citation and punctuation omitted), and viewing all well-pled allegations in the complaint as true, *Carter v. Cornwell*, 338 Ga. App. 662, 662 (791 SE2d 447) (2016).

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Hendon Properties, LLC v. Cinema Dev., LLC*, 275 Ga. App. 434, 435 (620 SE2d 644) (2005) (citation and punctuation omitted).

In its sole claim of error, PV Holding contends that its alleged failure to provide spot insurance to Brenda has no causal connection to any of the Poes' injuries. The Poes concede that they have not alleged that but for the negligent rental/entrustment of the vehicle to Brenda, the wreck would not have happened. Instead, they maintain that PV Holding is liable for *all* provable damages if they can prove that PV Holding did not offer spot insurance or ascertain that Brenda had valid insurance coverage prior to renting the car to her.

> The two statutes at issue here provide as follows:
>
> No owner of a motor vehicle required to be registered in this state or any other person, other than a self-insurer[4] as defined in this chapter, shall operate or authorize any other person to operate the motor vehicle unless the owner has motor vehicle liability insurance equivalent to that required as evidence of security for bodily injury and property damage liability under Chapter 9 of Title 40, the "Motor Vehicle Safety Responsibility Act" [("MVSRA")].

OCGA § 33-34-4.

---

[4] Nothing in the record suggests that PV Holding is a self-insurer under this statute.

4

> Any person who rents motor vehicles from a U-drive-it owner is required to provide his own insurance, and insurance companies authorized to issue automobile policies in this state shall be required by the Commissioner of Insurance to provide "spot" insurance, which shall be purchased by such person before the U-drive-it owner shall be authorized to turn a motor vehicle over to such person. If a U-drive-it owner turns over any motor vehicle to any person without first ascertaining that such "spot" insurance has been obtained, the U-drive-it owner shall not, as to that particular rental transaction, be exempted from the provisions of this chapter [the MVSRA] as provided in Code Section 40-9-4.[5]

OCGA § 40-9-102.

Under § 40-9-102, PV Holding had a duty to either verify that Brenda had her own liability insurance or otherwise require her to buy "spot" liability insurance before turning the car over to her. See *Alamo Rent-A-Car, Inc., v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366) (1995). This mandate "is in the nature of a bond to guarantee the public against damages by some irresponsible renter of a car of the U-Drive-It. Its purpose is not specifically to prevent tortious acts by the operators of rental vehicles, but rather to assure that such operators are not uninsured." Id. (citation and punctuation omitted); see also *A. Atlanta AutoSave v. Generali-U. S.*

---

[5] OCGA § 40-9-4 exempts certain vehicles from MVSRA insurance requirements.

*Branch*, 270 Ga. 757, 759 (2) (514 SE2d 651) (1999) ("OCGA § 40-9-102 is plainly remedial. Its focus is not the effectiveness of the rental agency in ascertaining the renter's coverage, nor is its ultimate aim to sanction the rental agency for a less-than-diligent or unsuccessful effort in that regard.") (citation omitted).

To prove causation in a negligence case, the plaintiff must show that the wrongdoing is both a cause in fact and a proximate cause of the injuries alleged. *Redmon v. Daniel*, 335 Ga. App. 159, 162-163 (779 SE2d 778) (2015). Even construing the complaint in the light most favorable to the Poes, nothing in that pleading suggests that PV Holding's alleged failure to verify and/or provide insurance coverage bears any causal connection to the automobile collision at issue here. See *Scott v. Joe Thomson Auto Rental & Leasing, Inc.*, 257 Ga. App. 453, 453-455 (1) (571 SE2d 475) (2002) (affirming the grant of summary judgment to a defendant rental car company in an action under § 40-9-102 by the estate of a man killed in a collision with a vehicle rented from the defendant on the ground that the defendant's failure to require the rental car driver to carry insurance "did not contribute to causing the collision that injured and killed [the decedent]"); *Rabinovitz v. Accent Rent-A-Car, Inc.*, 213 Ga. App. 786, 786-787 (446 SE2d 244) (1994) (physical precedent only) (affirming the grant of summary judgment to a defendant rental car

6

company in an action under § 40-9-102 by plaintiffs who were injured in a collision with a vehicle rented from the defendant on the ground that the statute "was not designed to prevent the collision which caused [the plaintiffs]' injuries").

Importantly, the dispute in this case does not concern the priority of liability coverage between the insurer of the rental vehicle and any other liability coverage that may exist, or the extent of the rental agency's liability under such a policy. Instead, our review is limited to whether the Poes can pursue a *negligence* action against PV Holding for its failure to comply with OCGA § 40-9-102's requirement that a car rental agency verify that the renter has insurance for the rental and, if not, mandate that the renter purchase spot insurance. For the reasons explained above, we conclude that OCGA § 40-9-102 does not afford the Poes a cause of action on the facts alleged in the complaint, and we therefore conclude that the trial court erred by denying PV Holding's motion to dismiss the complaint. See *Hendon Properties, LLC*, 275 Ga. App. at 435 (a motion to dismiss for failure to state a claim should be granted where "the claimant could not possibly introduce evidence *within the framework of the complaint* sufficient to warrant a grant of the relief sought") (citation and punctuation omitted; emphasis supplied).

*Judgment reversed. Barnes, P. J., and Pipkin, J., concur.*

7