**FOURTH DIVISION**
**MERCIER, C. J.,**
**DILLARD, P. J., and LAND, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

March 18, 2025

# In the Court of Appeals of Georgia

A25A0489. PONTOO et al. v. PINSON.
A25A0490. DASS v. PINSON.
A25A0491. THAMES v. PINSON.

MERCIER, Chief Judge.

Following a multi-car automobile collision, Gregory Pinson sued Natasha Pontoo, Tina Chisholm, Ladasha Thames, and Sujan Dass (collectively, "the defendants") for negligence. The defendants filed motions for summary judgment, which the trial court denied. We granted the defendants' requests for interlocutory review, and for reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. See *Elder v. Hayes*, 337 Ga. App. 826, 827 (788 SE2d 915) (2016); OCGA § 9-11-56 (c). We review

a trial court's summary judgment ruling de novo, construing the evidence in the light most favorable to the nonmoving party. See id.

So viewed, the record shows that in the early morning hours of October 27, 2019, Pinson and Thames were traveling together on Interstate 75 in a Suzuki vehicle owned by Dass (Thames's boyfriend), with Thames driving and Pinson in the front passenger seat. The conditions were rainy, and traffic was light. The Suzuki was in the high-occupancy-vehicle ("HOV") lane when, suddenly and without warning, a car impacted it from behind, pushing the Suzuki "bumper-to-bumper" for approximately 10 to 15 seconds until it was forced into the highway wall next to the lane. The car that hit the Suzuki sped off down the interstate, leaving the Suzuki disabled and perpendicular to the roadway, facing the wall.

Another driver who witnessed the incident stopped to help and called 911. Thames engaged the Suzuki's hazard lights, and she and Pinson exited the vehicle to speak with the witness. At that point, a car driven by Pontoo collided with the Suzuki. Thames and Pinson were not in the Suzuki at the time, and neither was hit. As described by Thames: "Everybody was still okay. Nobody was hurt. Everybody was still fine after that second car . . . hit my car."

While the group stood next to the highway wall, a third car collided with the Suzuki and struck Pinson, who suffered significant injuries. Pinson subsequently sued Thames, Dass, Pontoo, and Chisholm (Pontoo's mother) for negligence, alleging that Thames and Pontoo failed to exercise ordinary care at the time of the collisions and that Dass and Chisholm negligently entrusted vehicles to them.[1] All defendants filed motions for summary judgment, challenging the evidence of negligence and causation. The trial court denied the motions, but issued a certificate of immediate review. We granted the defendants' applications for interlocutory appeal, and these appeals followed.

*Case No. A25A0489*

1. In Case No. A25A0489, Pontoo and Chisholm argue that the trial court erred in denying their motion for summary judgment on Pinson's claims against them. A viable negligence action "must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Elder*, 337 Ga.

---

[1] Pinson's complaint does not include claims against the driver/owner of the initial vehicle that impacted the Suzuki or the driver/owner of the third vehicle involved in the wreck.

App. at 828-829 (citation and punctuation omitted). A defendant is entitled to summary judgment when evidence is lacking as to any one of these essential elements. See id. at 829. In other words, "[i]f one essential element cannot be proven, all of the other disputes of fact are rendered immaterial." Id. (citation and punctuation omitted).

(a) With respect to Pontoo, the trial court found that questions of fact remain as to whether she kept a proper lookout before colliding with the Suzuki. Pontoo does not specifically challenge this finding on appeal. Instead, she argues that her conduct did not proximately cause any of Pinson's injuries. We agree.

Pinson does not know if he was injured when Pontoo's vehicle collided with the Suzuki, explaining at his deposition that he only remembers the car "screeching in and hearing [the] just amazingly loud bang" of the collision. Thames, however, recalled that both she and Pinson were out of the Suzuki at the time, and neither was hit by the Pontoo vehicle. As she testified, "[e]verybody was still fine" after Pontoo's car hit the Suzuki.

To prove proximate cause, a claimant must demonstrate "a legally attributable causal connection between the defendant's conduct and the alleged injury." *Elder*, 337

Ga. App. at 829 (citation and punctuation omitted). The claimant does so by introducing evidence that "affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." Id. (citation and punctuation omitted). Although questions of causation are generally for the jury, "a mere possibility of such causation is not enough." Id. (citation and punctuation omitted). "[W]hen the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." Id. (citation and punctuation omitted).

The record contains no evidence that the collision between Pontoo's vehicle and the Suzuki caused Pinson any injury. Thames testified unequivocally that Pinson was "fine" following the collision. She further testified that the Suzuki was not operable after the hit-and-run driver initially pushed it into the interstate wall, undermining any claim that Pontoo's actions left Pinson stranded on the roadway. Pinson has not pointed to any contrary evidence,[2] and he was unable to dispute

---

[2] Pinson asserts generally in his brief that "Appellant Pontoo contributed to [his] injuries." But the only record citation provided to support this statement is to a page of Pontoo's deposition where she described her collision with the Suzuki, making no mention of Pinson or his injuries.

Thames's testimony, admitting at his deposition that he could not recall whether he was injured in the Pontoo collision. On summary judgment, Thames's "uncontradicted testimony cannot simply be disbelieved in order to eliminate the evidence it provides." *Elder*, 337 Ga. App. at 831 (1) (citation and punctuation omitted).

Pinson argues on appeal that if Pontoo had not struck the Suzuki, "the trajectory and positioning of the vehicles would have been laid out differently, in that, [he] would not have been pinned underneath the vehicle upon the third impact." But he has cited no supporting evidence, leaving us with nothing more than speculation and conjecture, which cannot create an inference of fact sufficient to defeat summary judgment. See *Elder*, 337 Ga. App. at 831 (1). The trial court, therefore, erred in denying Pontoo's motion for summary judgment. See id.

(b) Alleging that Chisholm owned the car Pontoo was driving, Pinson asserted a claim of negligent entrustment against her. Liability for negligent entrustment flows from the negligent act of an automobile owner in "permitting another to drive [the] vehicle when the owner knows the driver to be either incompetent or habitually reckless." *Alamo Rent-A-Car v. Hamilton*, 216 Ga. App. 659, 660 (455 SE2d 366)

6

(1995) (citation and punctuation omitted). To recover under this theory, the automobile owner's negligence "must concur, as part of the proximate cause, with the negligent conduct of the driver on account of his incompetency and recklessness." Id. (citation and punctuation omitted).

As found in Division 1 (a), the trial court erred in denying Pontoo's motion for summary judgment as to Pinson's negligence claims against her. Because the negligent entrustment claim against Chisholm "is necessarily premised on negligence by the driver to whom she [allegedly] entrusted her car, we also reverse the denial of summary judgment as to [Chisholm]." *Hunsucker v. Belford*, 304 Ga. App. 200, 203 (2) (695 SE2d 405) (2010).

*Case Nos. A25A0490 & A25A0491*

2. Thames and Dass argue that the trial court erred in denying their motions for summary judgment. Again, we agree.

(a) *Case No. A25A0491*. The trial court found that questions of fact remain as to Pinson's claims against Thames because, without dispute, her driver's license was suspended at the time of the collisions. But the absence of a valid driver's license does not, by itself, support a negligence claim. As we have explained, "[w]hile driving

7

without a license is a violation of State law, it does not constitute actionable negligence unless there is a causal connection between the violation and the injury." *Keenan v. Hill*, 190 Ga. App. 108, 111-112 (6) (378 SE2d 344) (1989).

The record contains no evidence that Thames's lack of a valid license proximately caused the wreck or Pinson's injuries. In fact, the record is devoid of any causal connection between Thames's conduct and the circumstances leading to the collisions. Pinson testified that Thames was driving the Suzuki on I-75 in a safe and reasonable manner. She was not speeding or weaving in and out of her lane. Suddenly and unexpectedly, an unidentified car hit the Suzuki from behind, ultimately pushing it into the highway barrier. Pinson conceded that Thames could not have done anything to avoid the initial collision, asserting that "she really was driving really good." Asked whether he believed Thames had caused or contributed to the crash, Pinson further responded:

> Honestly, she did a really good job. I don't want to say she caused this accident, because she really did a really good job maintaining the lane. Even while we were being hit, she did a good job maintaining the lane.

> I think when she hit — when we hit the wall, I mean, there was nothing we could — she could have done to not hit that wall. We were so close to it.

Pinson asserted that if he had been driving, he would have tried to move the Suzuki "somewhere safe, pull off to the other side of the highway . . . to where there's a curb there." He agreed, however, that any effort to move the car depended on whether the car was driveable. And he admittedly did not know whether the car could be driven after the initial collision. In contrast, Thames testified that the Suzuki was not driveable after colliding with the interstate wall and could not be moved. Similarly, although Pinson could not recall whether Thames engaged the Suzuki's hazard lights following the first collision, Thames testified with certainty that she activated the lights.

Pinson also argued below that Thames's failure to inform him that her license had been suspended caused his injuries because he would not have ridden in the car with her — and thus would not have been injured — had he known she lacked a valid license. But under the well-established doctrine of intervening causes, a breach of duty

> does not constitute a "proximate cause" of a plaintiff's injury when there has intervened between the act of the defendant and the injury to

the plaintiff, an independent act or omission of someone other than the defendant, which was not foreseeable by [the] defendant, was not triggered by [the] defendant's act, and which was sufficient of itself to cause the injury.

*Maynard v. Snapchat, Inc.*, 313 Ga. 533, 539 (2) (870 SE2d 739) (2022) (citation and punctuation omitted).

The undisputed evidence shows that Thames was driving safely on I-75 when, without warning, a vehicle rammed the Suzuki from behind, triggering a chain of events that led to Pinson's injuries. Even if Thames breached a duty to Pinson by not disclosing the status of her driver's license, the unexpected and unforeseeable actions of that initial, unidentified driver broke any causal connection between Thames's breach and the injuries. See *Johnson v. Avis Rent a Car System*, 311 Ga. 588, 596-597 (858 SE2d 23) (2021) (defendants entitled to judgment as a matter of law where "the evidence did not show that the injuries caused by [third party] were the reasonably foreseeable 'probable or natural consequence' of the defendants' alleged negligence"); *Reid v. Midwest Transp.*, 270 Ga. App. 557, 562 (3) (607 SE2d 170) (2004) ("Where the evidence plainly and manifestly shows that the injury was caused by the intervening efficient act of a third person, the defendant can not be held

responsible for having produced the injury, and the question is then one of law for determination by the court, and not one of fact for the jury.") (citation and punctuation omitted).

The evidence, including Pinson's own testimony, establishes that Thames's actions did not cause the wreck or contribute to his injuries. The trial court, therefore, erred in failing to grant summary judgment to Thames. See *Elder*, 337 Ga. App. at 831 (1) ("[B]ecause the undisputed evidence shows that neither the location of [defendant's] car nor any actions taken by him caused the [f]irst [c]ollision, the trial court erred in failing to grant summary judgment under the Plaintiffs' first theory of proximate cause."); *Hendrix v. Sexton*, 223 Ga. App. 466, 467 (477 SE2d 881) (1996) ("As [plaintiff] himself admitted, [defendant] could have done nothing else to avoid the oncoming car. Because the record contains no evidence of [defendant's] negligence, [plaintiff's] testimony that [defendant] was not negligent authorized summary judgment."); *Adler's Package Shop v. Parker*, 190 Ga. App. 68, 74 (3) (378 SE2d 323) (1989) (defendant entitled to summary judgment where record contained no evidence that statutory violation underlying negligence claim proximately caused plaintiff's injuries).

(b) *Case No. A25A0490.* Finally, Dass argues that the trial court should have granted him summary judgment on Pinson's claims against him, which allege that he negligently entrusted his vehicle to Thames. Dass is correct. Because, as discussed in Division 2 (a), Thames was entitled to summary judgment on Pinson's claims, Dass was also entitled to summary judgment. See *Hunsucker*, 304 Ga. App. at 203 (2).

*Judgments reversed. Dillard, P. J., and Land, J., concur.*